JOHN HOLDEN, Appellant, *v.* CHARLES D. STRONG, as Executor, etc., Impleaded, etc., et al., Respondents.

The will of H. appointed S. trustee and gave his residuary estate to him in trust for the benefit of plaintiff during his natural life, with " full power and authority to use so much of the said trust fund, either interest or principal," as shall, in the " judgment and discretion " of said trustee, "be necessary for the proper care, comfort and maintenance " of said beneficiary during life. In an action for the construction of said will, *held*, that plaintiff was entitled to his support and maintenance according to his condition in life, although able to support himself by his own exertions; that it was not necessary for him to remain idle in order to entitle him to the benefit of the provision so made for him, nor did the fact that he was frugal and saving and had accumulated a fund deposited in bank deprive him of the right to the support provided for him; that it was a matter within the sound judgment and discretion of the trustee as to whether the money necessary for plaintiff's support should be paid to him, or the necessary board, clothing, etc., should be purchased and provided by the trustee, and so long as plaintiff remained rational, prudent, industrious and saving there was no abuse of discretion in pay_ing to him the annual or semi-annual appropriations for his support.

(Argued October 17, 1889; decided November 26, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made October 7, 1884, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are sufficiently stated in the opinion.

*John J. Van Allen* for appellant. It was clearly the design of the testator to liberally provide for the plaintiff a decent living, and if the executor and trustee has not done so, from the inception of the trust reposed in him, a court of equity has the power, and it is its duty, to control his action, and compel a just, reasonable and proper performance of that duty. (1 Maddock's Ch. Pr. 440, 446 ; 3 Wait's Actions and Defenses, 139–141.) Courts of equity, in the exercise of their jurisdic-

tion in relation to trusts, will exercise its power to prevent the conduct of the trustee from prejudicing the *cestui que trust.* (*Stilwell* v. *Bernard,* 6 Ves. 520, 528; *Elwin* v. *Elwin,* 8 id. 554; *Walker* v. *Shore,* 19 id. 392; 2 Spence's Eq. 45; *Tidd* v. *Lister,* 5 Maddock Pr. 432; *Blake* v. *Bunbury,* 1 Ves. 194.) The court ought not to presume that the father intended to place his son in a humiliating position. (*Mason* v. *Mason,* 4 Sandf. Ch. 631.) A complete miscarriage in the exercise of a discretionary power, on the part of the trustee, puts the subject-matter of the trust just as much under the cognizance of the court as if such discretion had been fraudulently executed. (*Feltnam* v. *Turner,* 23 L. T. [N. S.] 345, V. C. S.; *Symes* v. *Hughes,* L. R., 9 Eq. 475; L. J., 39 Ch. 304; 22 L. T. [N. S.] 715; *Garner* v. *German L. Ins. Co.,* 110 N. Y. 266; 8 Jacob's Fisher's Dig. 13, 173.) Where a testator intrusts a trustee with a discretion for the benefit of another, and he fails to exercise the same properly in the opinion of the court, they may compel him to do what the trust, on a fair construction, requires. (*Prewett* v. *Land,* 36 Miss. 495; *Heard* v. *Sill,* 26 Ga. 302; *Forman* v. *Whitney,* 2 Abb. Ct. App. Dec. 163.) A reasonable sum should be fixed upon by the defendant Strong for plaintiff's support, and payments made at stated periods. (*Bunday* v. *Bunday,* 38 N. Y. 410; *Loomis* v. *Loomis,* 35 Barb. 624; *Tolly* v. *Greene,* 2 Sandf. Ch. 91; *Forman* v. *Whitney,* 2 Abb. Ct. App. Dec. 163.)

*W. L. Norton* for respondents. This will is neither ambiguous nor obscure, and it requires no judicial construction. (78 N. Y. 244, 247; 84 id. 321, 326.) The plaintiff having acquiesced in the existing state of things, and having made no demand, etc., could not recover anything for the past. (84 N. Y. 327; 93 id. 644, 645.) The accumulation of interest in the trustee's hands, caused mainly by the refusal of the plaintiff to allow the trustee to provide for him, is not unlawful. (3 Throop's St. 2178, § 38; 2179, § 40; 2257, § 4; 8 N. Y. 538; 3 Barb. Ch. 92, 93; 23 N. Y. 82, 84; 43 id. 384, 385; 15 id. 326; 2 Barb. Ch. 509, 516–519; 21 Hun, 1.)

HAIGHT, J. This action was brought to procure a judicial construction of the will of Heman Holden, deceased, the father of the plaintiff, and to procure a decree, giving directions to Charles D. Strong, the executor and trustee, as to the amount that he should pay over to the plaintiff, annually and to recover from him a sum sufficient to compensate the plaintiff for his past support and maintenance.

The trial court has found, as facts, that Heman Holden died on or about the 17th day of May, 1874, leaving a last will and testament which has been duly proved and admitted to probate, and by which he appointed the defendant Strong his executor and trustee, and gave to him, as such trustee, the residue and remainder of his estate, in trust for the benefit of the plaintiff during his natural life, and directed that the estate should be converted into money and invested in good interest-bearing securities; and gave to such trustee full power and authority to use so much of the trust fund, either interest or principal, as shall, in his judgment and discretion, be necessary for the proper care, comfort and maintenance of the plaintiff so long as he should live, and after his death and the payment of the funeral expenses, he directed that the trust fund be distributed among the heirs at law of the testator. The residuary estate, thus coming into the hands of the trustee, was the sum of $9,353.05, which was invested by the trustee so as to draw interest; that the amount paid by the trustee up to the time this action was brought in 1881, for the support and maintenance of the plaintiff, was the sum of $672.05, $350 of which was paid under an order of the surrogate. It was further found, as facts, that the plaintiff was about forty-seven years of age, unmarried, engaged in repairing clocks and sewing machines, and in sewing in families whenever he could obtain such employment; that he possesses many eccentricities and vagaries; has been insane, and was at one time an inmate of an asylum; that he possesses neither a vigorous and healthy body nor a very well-balanced mind; that it would require about the sum of $400 per year to properly

support and maintain him when in the enjoyment of usual health; that the defendant has never refused or neglected to support and maintain the plaintiff, but has always, since the trust fund came into his hands, been ready and willing to pay for and supply the plaintiff with proper board, clothing and care, and pay all other necessary expenses for his proper support, but that the plaintiff has, in a great measure, refused to allow him to do so. As conclusions of law, the court found that it was the duty of the defendant Strong, as such trustee, to exercise a fair and proper discretion in administering the trust and to support the plaintiff in a proper and comfortable manner, for one in his condition of life, provided the plaintiff will allow him to do so, although the plaintiff may be able to support himself by his own exertions, but that the determination of the question whether such support should be furnished by paying the plaintiff a sum equal to the value of such support, or by furnishing him proper board, clothing and a reasonable sum for such other expenses as would be properly incurred by supporting him, rests in the sound discretion and judgment of the trustee, and will not be interfered with by the court, unless it shall be unreasonably exercised or abused; that the trustee is not shown to be guilty of any improper or unreasonable action in the administration of the trust; and judgment was ordered for the defendant, with costs to be paid out of the trust fund. Exceptions were taken to these findings, and we have carefully examined the evidence for the purpose of seeing whether they are sustained by it. The General Term has the power to review findings for the purpose of seeing whether they are against the weight of evidence, but this court only reviews exceptions taken, and only examines the evidence for the purpose of determining whether there is any evidence that sustains the findings. In the examination we have made we find some evidence which supports each proposition found by the trial court, and, consequently, inasmuch as the findings have been affirmed by the General Term, we must now consider them final and affirm the judgment; but, in doing so, we wish to state, for the future guidance and conduct of

the trustee, that we are not entirely satisfied with the manner in which he has discharged the duties of his trust to the plaintiff up to the time that this action was commenced. Only $672 had been used for the support and maintenance of the plaintiff, being less than $100 per year, and over half of that had been compelled by an order of the surrogate. We fully agree with the trial court in its construction of the will, that the plaintiff is entitled to his support and maintenance according to his condition in life, even though he may be able to support himself by his own exertions. We do not understand that in order to receive the benefit of the provisions of the will it is necessary for him to remain idle and refrain from all personal exertion, neither does the fact that he is frugal and saving and has accumulated a fund which he has deposited in the bank deprive him of the right to the support provided for him. The trial court properly held that the trustee was to exercise a sound judgment and discretion as to whether the money necessary for the support and maintenance of the plaintiff should be delivered to him and he allowed to procure it, or whether the board, clothing etc., should be purchased and provided for him by the trustee. The testator, in making this provision, undoubtedly had fears that the plaintiff's insanity might again return, although twenty-five years have elapsed since he was so afflicted. Should such or similar conditions again recur, it certainly would be the duty of the trustee to attend to the expenditures of the money himself, but as long as the plaintiff remains rational, prudent, industrious and saving, there can be no abuse of discretion in allowing him to take the annual or semi-annual appropriations to expend for his own comfort and maintenance in his own way and in the gratification of his own choice.

The judgment in this case dismisses the complaint on the merits. In this respect it may be irregular as not conforming to the decision. The trial court did construe the will, which was one of the reliefs demanded in the complaint, and the plaintiff had the right to have the judgment conform to the

decision in this regard.    But this is an irregularity which could have been corrected on motion.

The judgment should be affirmed, with costs payable out of the trust fund.

All concur, except FOLLETT, Ch. J., not sitting.

Judgment affirmed.