LOUIS J. REZZEMINI, as Committee of the Person and Estate of JOHN M. W. DURANT, an Incompetent Person, Appellant, *v.* ROELIF H. BROOKS, as Executor of and Trustee under the Will of ELIZA W. DURANT, Deceased, et al., Respondents.

Will — provision that income from trust fund shall be paid to son and if insufficient for his proper support that trustee may expend so much of the principal as may be necessary therefor — son to be supported first, from income, and second from principal — gift to remaindermen, upon death of son, of principal " or so much thereof as may then remain " — remaindermen entitled to no estate unless, upon death of life beneficiary, a part of principal remains undisposed of — income of son from other sources need not be expended before resort may be had to principal — appeal — when reversal on the law and the facts in effect a reversal upon the law.

1. Where testatrix by her will· erected a trust fund and directed that the income should be paid to her son during his lifetime and upon his death the principal " or so much thereof as may then remain " should be paid to remaindermen and further provided: " If the income from my estate shall be insufficient for the proper support of my said son, then in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose," it is clearly indicated that the son is to be supported and maintained, *first*, from the income so far as the same will suffice, and *second*, from principal in such amount as may be necessary in addition to income to properly support and maintain him. The remaindermen are not entitled to any estate in the property of the testatrix save only, in the event of the death of the life beneficiary, a part of the principal then remains undisposed of.

2. A determination that the income from the individual property of the *cestui que trust* must be expended for his support and maintenance

before resort may be had to the principal of the estate of the testatrix is error. (*Holden* v. *Strong*, 116 N. Y. 471, followed; *Wetmore* v. *Wetmore*, 149 N. Y. 520, 521; *Moulton* v. *de ma Carty*, 6 Robt. 533, 534, distinguished.)

3. The reversal by the Appellate Division upon the law and the facts is in effect a reversal on the law, the court having determined that whereas the son of the testatrix was in receipt of an income separate from the income provided for him under the trust created in the will of the testatrix, that the personal income of the son must first be applied to his support and maintenance and only in the event that such income together with the income from the trust created in the will of testatrix is insufficient for his support, may the principal of the trust fund be resorted to.

*Rezzemini* v. *Brooks*, 204 App. Div. 157, reversed.

(Argued May 3, 1923; decided June 5, 1923.)

APPEAL from a judgment, entered February 3, 1923, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived, and directing judgment in favor of defendants.

*Charles Irving Oliver* and *Louis J. Rezzemini* for appellant. The so-called findings of fact by the Appellate Division as to the intent of testatrix are in reality conclusions of law and will be so considered by the Court of Appeals. (*Hynes* v. *Pullman Co.*, 223 N. Y. 342; *Nat. Cont. Co.* v. *H. R. W. P. Co.*, 192 N. Y. 209; *People ex rel. Mizpah Lodge* v. *Burke*, 228 N. Y. 245; *Brittania* v. *Cleugh*, 153 U. S. 130.) The will clearly indicates that it was the intention of the testatrix that her incompetent son should be supported and maintained out of her estate, and it is the rule that the intent of the testatrix must prevail. (*Forman* v. *Whitney*, 2 Abb. Ct. App. Dec. 163; *Holden* v. *Strong*, 116 N. Y. 471; *Collister* v. *Fassitt*, 7 App. Div. 20; 23 App. Div. 466; 163 N. Y. 281; *Manning* v. *Sheehan*, 75 Misc. Rep. 374; *Matter of Ward*, 186 App. Div. 262; *Matter of Dickerman*, 34 Hun, 587;

*Clark* v. *Clark*, 23 Misc. Rep. 272; *Ireland* v. *Ireland*, 84 N. Y. 321.) The incompetent is entitled to his necessary support and maintenance, under the terms of the will, irrespective of whether he has other means of support. (*Forman* v. *Whitney*, 2 Abb. Ct. App. Dec. 163; *Holden* v. *Strong*, 116 N. Y. 471; *Manning* v. *Sheehan*, 75 Misc. Rep. 377; *Matter of Estate of Riley*, 4 Misc. Rep. 338; *Stewart* v. *Cuyler*, 17 Barb. 482; *Patterson* v. *Read*, 42 N. J. Eq. 621; *Longenecker's Estate*, 226 Penn. St. 1; *Minnich* v. *People's Trust, Savings & Deposit Co.*, 29 Penn. Super. Ct. 334.)

*Robert E. Whalen* for Roelif H. Brooks, as executor and trustee, respondent. The findings of fact made by the Appellate Division are supported by the evidence and are conclusive upon this court. (*Acme Realty Co.* v. *Schinasi*, 215 N. Y. 495; *Ga Nun* v. *Palmer*, 216 N. Y. 603; *Hall* v. *O'Brien*, 218 N. Y. 50; *Appleton* v. *City of New York*, 219 N. Y. 150; *Weaver* v. *Pacific Imp. Co.*, 234 N. Y. 418.) Where interpretation of the language of the will is necessary, in order to ascertain the testator's intent, a question of fact is presented, which must first be determined before the court can proceed with the problem of construction. (*Herzog* v. *Title Guarantee & Trust Co.*, 177 N. Y. 86; *United States* v. *Keitel*, 211 U. S. 370; *Davis* v. *Marvine*, 160 N. Y. 269; *Steinway* v. *Steinway*, 163 N. Y. 183.) Inasmuch as this record presents but the single question of law as to whether or not the evidence is fairly capable of sustaining the inferences drawn therefrom by the Appellate Division, its determination must stand. (*Union Trust Co.* v. *Oliver*, 214 N. Y. 517, 522, 523.)

*Russell M. Johnston* for John Brooks et al., respondents. The intention of Mrs. Durant, the testatrix, should govern in the construction of this will, and as it clearly appears that she had no intention that the principal

of her estate should be depleted if other income existed sufficient for the support of her son the judgment should be affirmed. (*Matter of Wentworth,* 230 N. Y. 176; *Smith* v. *Floyd,* 56 Misc. Rep. 196; *Matter of Fiske,* 45 Misc. Rep. 298; *Suesens* v. *Daiker,* 117 App. Div. 668; *Bundy* v. *Bundy,* 38 N. Y. 410; *Matter of Riley,* 4 Misc. Rep. 342.)

HOGAN, J.   Eliza W. Durant died August 19th, 1918, leaving a last will and testament which was executed May 9th, 1918.   The testatrix at the time of her death was upwards of seventy years of age.   Her husband, Allen B. Durant, predeceased her some thirty-five years, leaving a last will and testament, executed June 20, 1882, together with a codicil executed July 5, 1882, both of which were admitted to probate in Albany county, January 9th, 1883.   The only heir or next of kin of testatrix at the time of her death was a son, John M. W. Durant, who was and for some three years had been a helpless bedridden, incurable paralytic, and also had been, on or about June 8th, 1917, upon the petition of testatrix, judicially declared to be of unsound mind and mentally incompetent.   In that proceeding the plaintiff in this action was appointed committee of the person and estate of John M. W. Durant, duly qualified as such committee and is now acting in that capacity.

For some period of time prior to the death of testatrix her son, John M. W. Durant, resided with his mother and was cared for by her and nurses down to August 19, 1918, when plaintiff as committee upon the death of the mother had the son removed to the Albany Hospital where he has since remained as a patient.

Under the will of Allen B. Durant, husband of testatrix and father of John M. W. Durant, the incompetent, the latter was entitled to receive the income from one-half of his father's estate under a trust provision created for such purpose, and upon the death of testatrix, his mother, on

August 19, 1918, the son, John, became absolute owner of the remaining one-half of his father's estate, his mother, the testatrix, having enjoyed the income therefrom to the extent of $1,000 per year to the time of her death.

The principal of the two funds held by plaintiff aggregates $28,643.05. The principal of the estate of Eliza W. Durant is $22,796.67.

The plaintiff, asserting that under the will of testatrix it is the duty of the trustee named in the will to pay over to plaintiff as committee of the incompetent out of the principal of the trust fund held by said trustee an amount equal to the difference between the cost of the support of the incompetent since the death of the testatrix and the income paid over by defendant trustee to plaintiff as committee during such period, brought this action to recover such amount.

The trial justice found as matter of fact that from the date of the death of testatrix to April 1, 1922, defendant trustee had paid to plaintiff the sum of $3,376.50 income from the estate of testatrix, while during the same period plaintiff had expended for the necessary and proper support and maintenance of the incompetent the sum of $6,559.13, or $3,182.63 in excess of the amount so received; that the amounts expended were proper and necessary, and directed judgment for plaintiff for that amount. The Appellate Division reversed that finding of fact and found that the amount expended by the plaintiff for the necessary and proper support of the incompetent in excess of the amount received from the defendant trustee was $3,872.27. Such modification was due to an oversight upon the trial, and while favorable to plaintiff the same is not complained of by defendants.

The defendant, executor, trustee and the guardian *ad litem* of the remaindermen, in answer to the claim of plaintiff asserted that before resort could be had to the principal of the trust estate created in the will of testatrix, the income of the incompetent from all sources

must have been exhausted for his proper and necessary support.

The Appellate Division made additional findings in effect as follows: A. Statements made by testatrix at the time she executed her will: that she had no relatives to whom she wished to give the corpus of her estate after the death of her son; there were no charities in which she was interested; she had no desire to give her property directly to her son to be administered by plaintiff; she insisted upon the selection of Roelif H. Brooks as trustee against his will, and without his knowledge; " the infant defendants herein were made remaindermen to receive the corpus of her estate," or so much thereof " as might remain upon the death of her son."

B. That said Eliza W. Durant, when she executed her last will and testament, did not intend that the entire support of her said son should come out of her own estate to the extent of using the principal of her estate for any deficiency required to meet the cost of her said son's support, over and above the income from her estate.

C. That when testatrix executed her will she was familiar with what constituted her property and the value thereof, was aware that her son had participated in the income from the estate of his father and would continue to do so after her death and knew the extent to which he would participate thereunder.

D. That under the fourth clause of her will testatrix intended that in determining whether the income from her estate be insufficient for the proper support of her said son and in determining whether any of the principal of her estate be necessary for that purpose there should be taken into consideration the other sources of income available to aid in the support of her said son.

A requested finding of fact submitted in behalf of the infant defendants refused by the trial justice as follows: " That the expenditure of no part of the principal of the property held by said Roelif H. Brooks as trustee as

aforesaid is now necessary for the support and maintenance of John M. W. Durant," was approved.

As conclusion of law the Appellate Division found: " That it is not now necessary to expend any portion of the principal of the trust estate created by said last will and testament of said Eliza W. Durant, deceased, for the support of her said son, John M. W. Durant, plaintiff's incompetent, because with the income available from her said son's own property and from the estate of his father, Allen B. Durant, the income from the estate of said Eliza W. Durant, deceased, has been and is more than sufficient for the proper support of her said son," and reversed the judgment of the trial court.

While the order of reversal recites that the judgment was reversed on the law and the facts, the reversal was in effect a reversal on the law, the court having determined that whereas the son of the testatrix was in receipt of an income separate from the income provided for him under the trust created in the will of the testatrix, that the personal income of the son must first be applied to his support and maintenance and only in the event that such income together with the income from the trust created in the will of testatrix is insufficient for his support, may the principal of the trust fund in the latter's will be resorted to.

Omitting a review of the figures disclosing the amounts of income received and paid out of the various funds, we may for the purposes of this appeal adopt the view expressed in the opinion of the Appellate Division that " a little more than $2,000 per year will meet the requirements for the proper care and maintenance of the son of testatrix," and pass to a consideration of the provisions of the will, having in mind a finding made by the Appellate Division in substance that the testatrix was aware of the extent, nature and value of her property, and likewise of the fact that her son was in receipt of an income from the estate of his father, which would be augmented upon her death and the extent to which her son would par-

ticipate thereunder. Possessed of such knowledge, the testatrix in the first clause of her will gave, bequeathed and devised all of her estate, both real and personal, to her executor, the defendant Roelif H. Brooks, in trust to invest, reinvest and keep the same invested and to pay over the net income thereof at least semi-annually to her son, John M. W. Durant, for and during the term of his natural life, and upon the death of her son to pay over the principal of her estate, or so much thereof as may then remain, together with any accumulations thereon, whether by way of interest or otherwise, to John Brooks and Emily F. Brooks of the city of Albany, equally, share and share alike, absolutely and forever.

Concededly, John M. W. Durant is entitled to the income from the principal of the estate during his lifetime. Following the death of John, the testatrix did not provide that the principal should be paid to the remaindermen. On the contrary, in concise language, she provided that the principal, " *or so much thereof as may then remain,*" should be paid to the remaindermen, clearly indicating that her son was to be supported and maintained, *first*, from the income so far as the same would suffice, and *second*, from principal in such amount as might be necessary in addition to income, to properly support and maintain him. In the absence of the words italicized the remaindermen upon the death of John would have succeeded to the principal of the trust. The presence of the words, however, does not entitle the remaindermen to any estate in the property of the testatrix save only in the event that upon the death of the life beneficiary a part of the principal then remains undisposed of. (*Leggett* v. *Firth*, 132 N. Y. 7; *Seaward* v. *Davis*, 198 N. Y. 415; *Matter of Skinner*, 81 App. Div. 449; 180 N. Y. 515.) Seemingly for the purpose of emphasizing her solicitude for the support of her son and to avoid any possible misinterpretation of her wishes, in the fourth clause of her will testatrix provided: " If the income from my

estate shall be insufficient for the proper support of my said son, then in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose."

Thus we find the provision for her son made at a time when she had knowledge of the property owned by the son and the income derivable from the same, as well as his physical and mental condition.

The Appellate Division also erred in its determination that the income from the property of John M. W. Durant must be expended for his support and maintenance before resort may be had to the principal of the estate of testatrix. (*Holden* v. *Strong*, 116 N. Y. 471; *Longenecker's Estate*, 226 Penn. St. 1; *Minnich* v. *P. T. S. & D. Co.*, 29 Penn. Super. Ct. 334; *Matter of Ward*, 186 App. Div. 261.)

The opinion of the Appellate Division while conceding that the contention of plaintiff found support in the case of *Holden* v. *Strong*, wrote that the defendant's views found support in *Moulton* v. *de ma Carty* (6 Robertson, 533, 534), quoted with approval in *Wetmore* v. *Wetmore* (149 N. Y. 520, 521). In *Wetmore* v. *Wetmore* the plaintiff had secured a divorce from the defendant, and recovered judgment against the husband for unpaid alimony. The husband was beneficiary for life of a trust fund of $100,000 and execution upon the judgment having been returned unsatisfied, the action was brought to obtain a judgment applying the accumulated income of the trust estate in satisfaction of the judgment. We held in that case that under section 57, Revised Statutes, which provides: " Where a trust is created to receive the rents and profits of lands, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, shall be liable in equity to the claims of the creditors of such person in the same manner as other personal property which

cannot be reached by an execution at law," was equally applicable to a trust created to receive and pay over the income of personal property, and sustained the right of the plaintiff wife to enforce her judgment against such income. The case of *Moulton* v. *de ma Carty* presented facts quite similar to the facts in the *Wetmore* case. A review of the two cases discloses that they have no application to the question here under consideration.

Our decision in the case of *Holden* v. *Strong* (*supra*) involved the construction of a will wherein the testator gave to a trustee " full power and authority to use so much of the trust fund, either interest or principal, as shall, in his judgment and discretion, be necessary for the proper care, comfort and maintenance " of the plaintiff so long as he should live. We held that the plaintiff there was entitled to support and maintenance even though he was able to support himself and had accumulated a fund which he had on deposit in a bank. The reasoning and principle laid down in that case we regard as controlling the case under consideration.

The allowance made by the trial justice to the guardian *ad litem* of the infant defendants to which counsel takes exception was permissible. (Civ. Prac. Act, section 207; Rules Civil Practice, rule 43.)

The judgment of the Appellate Division should be reversed except in so far as it awards costs to the plaintiff, executor and trustee, and to the guardian *ad litem* payable out of the estate. The judgment of the Trial Term should be modified so as to provide that plaintiff recover from defendant Brooks, as executor, etc., the sum of $3,872.27, with interest from April 1st, 1922, instead of $3,182.63, and as so modified said judgment be affirmed, with costs to plaintiff payable out of the estate.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur; ANDREWS, J., absent.

Judgment accordingly.