In the Matter of the Estate of PATRICK F. SHEA, Deceased.

Surrogate's Court, Broome County, May 13, 1931.

*Israel T. Deyo*, for petitioners Michael H. Shea and others.

*Thomas J. Mangan*, for People's Trust Company of Binghamton.

*John H. Mangan*, for St. Mary's Orphan Home of Binghamton.

BAKER, S. This is a proceeding brought, pursuant to the provisions of section 219 and section 220 of the Surrogate's Court Act, for the purpose of construing certain testamentary trust provisions in seeking an order compelling the trustees to apply toward the support and maintenance of the beneficiaries under each trust a portion of the principal of said funds in addition to the income, rents, issues, and profits of said funds.

The testator, Patrick F. Shea, died in the city of Binghamton, N. Y., on or about March 16, 1927, leaving a last will and testament which was admitted to probate in this court April 15, 1927, and letters testamentary were thereupon issued to Joseph V. Griffith and People's Trust Company of Binghamton, the executors therein named.

By his said will the testator set up his residuary estate into three separate trusts, naming the People's Trust Company of Binghamton

and Joseph V. Griffith trustees of the several trusts, which he designated under the 6th paragraph of his will as A, B, and C.

The testator used identically the same language in setting up each of the said trusts, except as to the names of the beneficiaries thereunder.

In trust A the testator uses the following language: " To take, hold, invest and keep invested the first of said portions, and to collect and receive the income, rents, issues and profits therefrom, and to pay over as much of the same as in their judgment shall be deemed necessary for the comfortable maintenance and support of my beloved brothers, John Shea and Michael H. Shea, as long as they or the survivor of them shall live, such sums to be paid over in monthly payments on the first of each and every month. Should the said income derived from said portion not be sufficient for the comfortable support and maintenance of my said brothers, or the survivor of them, I hereby authorize and empower my said trustees to use such portion of the principal as in their judgment may be necessary. Upon the death of my brothers, John Shea and Michael H. Shea, I give, devise and bequeath the sums remaining from this said portion of my said trust estate unto the St. Mary's Orphan Home of Binghamton, N. Y."

John Shea, one of the beneficiaries named in this trust, predeceased the testator.

In trust B the testator designates " my beloved sister-in-law, Nora V. Griffith, and her husband, Joseph V. Griffith," as the life beneficiaries thereunder, otherwise the phraseology is the same as in trust A.

Nora V. Griffith died subsequent to the testator.

In trust C the testator designates " my beloved sisters, Ellen Shea and Catherine I. Heath," as the life beneficiaries thereunder, the phraseology being the same as in both trusts A and B. Ellen Shea, one of the beneficiaries named thereunder, married, and her present name is Ellen Shea Hurley.

The executors had a judicial settlement of their accounts in this court, and upon such judicial settlement a decree was made on the 18th day of September, 1928, fixing the amount belonging to each of said trusts and directing the same to be paid over to said People's Trust Company of Binghamton and Joseph V. Griffith as trustees.

Said trustees have paid over to the beneficiaries therein named all of the income, earnings, etc., from each of said trust funds.

On or about September 25, 1929, a stipulation in writing, duly executed by all of the interested parties, was filed in this court, wherein and whereby it was stipulated that said trustees should pay for the care and maintenance of Ellen Shea Hurley, she being one

of the beneficiaries named in trust C, and therein referred to as Ellen Shea, the sum of ten dollars per week from September 1, 1929, and as long as her present ill health continued, the same to be paid from the income of said trust C, with the additional provision that, if the income should prove insufficient, the principal of said trust might be used in addition to said income.

On the 9th day of April, 1929, a verified petition in writing was filed with this court by each of the respective beneficiaries under each of said trust provisions, praying for the payment of additional sums out of the principal thereof, alleging that the income was insufficient for their comfortable maintenance and support. A citation was duly issued thereon, and upon the return day thereof, viz., April 19, 1929, the said petitioners appeared by their attorney, Israel T. Deyo, the People's Trust Company by Thomas J. Mangan and St. Mary's Orphan Home by John H. Mangan, and issue was duly joined by the filing of answers to each of the petitions herein.

The People's Trust Company, by its answer in each case, takes the position that the beneficiaries for life must first apply their income from other sources and their separate property, if any, toward their maintenance and support before the trustees would be warranted in making any payments out of the principal for that purpose except under an order of this court, and by its said answers submits itself to this court for instructions.

St. Mary's Orphan Home, by its answer to each petition, also claims that the private resources of each of said beneficiaries must first be exhausted before resort can be had to the principal of the respective trust funds.

It appears from the evidence herein that the principal sum of trust A amounts to $14,080.91, yielding an annual income of $815; trust B principal amounts to $13,589.20, yielding an annual income of $785; trust C principal amounts to $14,080.90, yielding an annual income of $815.

It further appears that all of said annual incomes have been paid to the respective beneficiaries as directed by the provisions of testator's will, with the exception of the trustees' commission of five per cent.

It also appears that, in and by the 5th paragraph of the will herein, said testator devised to said Nora V. Griffith and her husband, Joseph V. Griffith, who are the beneficiaries under trust B, the life use of a house and lot, with remainder over to St. Mary's Orphan Home.

The evidence herein shows that Michael H. Shea is the sole beneficiary under the trust designated in this proceeding as A, his brother John Shea, named as joint beneficiary under said trust, having predeceased the testator; that said Michael H. Shea is a

single man of the age of about sixty-three years. He is in good health, and earns his living at odd jobs as a common laborer, such as taking care of lawns, furnaces, shoveling snow, etc. He boards with his sister Catherine I. Heath, who is one of the beneficiaries under trust C herein; that he has saved the sum of about $1,000 from the income paid to him by the trustees under said trust; that the amount of such income so paid to him was about $815 per year, which would amount to between $15 and $16 per week. It was stipulated that the reasonable value for room, board, care, washing and mending would be from $10 to $12 per week.

Upon the hearing he testified that he had spent the sum of $25 for clothing since the death of the testator; that his room rent, board, washing and mending would cost $12 per week; that his other necessary expenses for clothing and incidentals would bring the amount up to $75 to $100 per month. He is asking for the sum of $75 per month.

In relation to the trust herein designated as B the evidence shows that Joseph V. Griffith, who is cotrustee with the People's Trust Company of Binghamton, is the sole beneficiary under said trust provision, his wife, Nora V. Griffith, the cobeneficiary with him thereunder, having died shortly after the decease of the testator; that said Joseph V. Griffith is a widower, sixty-three years of age, has a common school education, and has worked at the trade of a stationary engineer and steamfitter for about forty years last past; since March 9, 1929, he has not been regularly employed; that his health is fairly good, although he has been troubled for a long time with varicose veins; that his wife was a sister-in-law of the testator; that for about twenty-eight years immediately prior to his death said testator, Patrick F. Shea, resided with said Joseph V. Griffith and wife in a house at No. 103 Eldridge street, Binghamton, N. Y., which was owned by the said testator; that under the 5th paragraph of the will herein said testator gave the life use of said house and lot to said Nora V. Griffith and her said husband, Joseph V. Griffith, and to the survivor of them, for and during the term of their natural lives, said premises upon their death being devised to St. Mary's Orphan Home; that said Joseph V. Griffith has no children; that he has continued to occupy said house at No. 103 Eldridge street, Binghamton, N. Y., pursuant to said life use; that he has $8,000 in the savings bank; and that when working at his occupation can earn seventy-three cents per hour; that it was stipulated on the trial that comfortable room, board and washing for a single man in his condition of health could be had in the city of Binghamton for from twelve dollars to fifteen dollars per week.

Said Joseph V. Griffith testified that said house is a seven-room

house with bath, in the central part of Binghamton, with a rental value of at least $35 per month, and an added rental value of at least $10 for the garage on said premises, making a total rental value of $45 per month. He further testified that the house needs painting, the estimated cost of which would be about $170; that the taxes on said premises, including water taxes and repairs, will amount to about $165 per year; that he pays out for groceries the sum of $12 per week, amounting to $624 per year; that the services of his sister, who resides with him and takes care of the house, are reasonably worth the sum of $60 per month, amounting to $720 per year; that he pays for gas and electric lights $7 per month, amounting to $84 per year; that his clothing costs him about $200 per year; that he also has general expenses, which are not specified, amounting to $120 per year; that he also maintains and runs an automobile, the expense of which is not set forth in his testimony. He is asking for the sum of $150 per month.

Concerning trust C, the evidence herein shows that both of the beneficiaries under this trust provision, viz., Ellen Shea Hurley and Catherine I. Heath, are living; that on August 31, 1929, a stipulation was entered into by all of the interested parties wherein and whereby it was consented and agreed that there should be paid for the support of said Ellen Shea Hurley the sum of ten dollars per week, commencing September 1, 1929, the same to be paid out of the income of said trust fund, if sufficient, and, if not, out of the principal thereof, it appearing that she is a woman seventy years of age, in a crippled condition, and being cared for at the Good Shepherd Home in Buffalo, N. Y., she being unable to work or earn any money toward her support; that she also is in need of the services of physicians and small comforts, it also appearing that said Good Shepherd's Home has agreed to care, maintain and provide her with food and clothing for the sum of ten dollars per week.

It appears from the evidence herein that Catherine I. Heath is a widow of about sixty-seven years of age, has no family, is able to do her own housework; that she lives in a house owned by her at No. 8 Silver street, Binghamton, N. Y., which property is of the value of about $6,000, and was given to her by deed by said testator, Patrick F. Shea; that she has in cash, on deposit in a bank, the sum of $8,700; that her general health is good for a woman of her age.

It was stipulated on the hearing herein that board and room for her would not exceed ten dollars per week.

It also appears that her brother, Michael H. Shea, the sole beneficiary under the trust provision herein designated as A, rooms and boards with her.

Said Catherine I. Heath testified that her groceries cost her about

$50 per month; her taxes about $106 per year; her water rent $6.50 per year; her coal about $157 per year; that it cost her from $10 to $15 per month for the upkeep of her house; $25 to $30 a month for her personal clothing; $5 to $10 per month for incidental expenses. She asks $125 per month, but testified that she might get along on $100 per month.

We are confronted with the issue as to whether or not the said beneficiaries should exhaust their own income or earnings before the trustees would be warranted in applying a portion of the principal of said trust funds toward their comfortable maintenance and support.

It will be noted that the language in each of said trust provisions is identical. I do not find that the language used in any way differentiates from the case of *Holden* v. *Strong* (116 N. Y. 471), so as to take it out of the rule therein established and applied. In that case, as in this, the trustee was given the power to use so much of the income or principal as he might in his judgment deem necessary for the comfortable maintenance and support of the beneficiary.

It will also be noted that the same language is used under the will in question and the will under consideration in *Rezzemini* v. *Brooks* (236 N. Y. 184, 191), in relation to the residuum of each of said trust provisions, viz., " I give, devise and bequeath all sums remaining from this said portion of my said trust estate unto the said St. Mary's Orphan Home of Binghamton, New York," while in said case of *Rezzemini* v. *Brooks* (*supra*) the language therein used, referring to the principal of said sum, " or so much thereof as may then remain," should be paid to the remaindermen. In that case it was held that, in the absence of the words just quoted, the remaindermen, upon the death of the beneficiary, would have succeeded to the principal of said trust, but that the presence of said words did not entitle the remaindermen to any estate in the property of the testatrix save only in the event that upon the death of the life beneficiary a part of the principal should remain undisposed of.

It would, therefore, seem that the rules laid down in *Holden* v. *Strong* and *Rezzemini* v. *Brooks* (*supra*) are controlling in the construction of the language used in the will in question, to the effect that each beneficiary is entitled to his or her support and maintenance according to his or her condition in life, even though he or she may be able to support themselves by their own exertions, and that the trustees have a right to apply so much of the principal of said funds whenever it becomes necessary so to do.

Said trustee, People's Trust Company of Binghamton, having submitted to this court the question as to what is a proper amount to be paid to each of said beneficiaries under the terms of each of said trusts, respectively, I shall attempt to fix the same, not only having

in mind the rules laid down in *Holden* v. *Strong* and *Rezzemini* v. *Brooks* (*supra*) but also having in mind the discretion given to said trustees by said testator as to what would constitute a suitable allowance under all the present existing circumstances of each beneficiary, as it is unquestionable that the testator intended to and did vest in said trustees the power to determine the same; for under the language in this case such power to fix said amounts rests in the sound discretion and judgment of the trustees, and will not be interfered with by the courts unless it shall be unreasonably exercised or abused. All that is required of such trustees is to exercise a proper discretion in administering the trusts so that the beneficiaries will receive support in a proper and comfortable manner in accordance with his or her station in life.

In considering these questions, it should be borne in mind that said Patrick F. Shea, the testator, was a frugal man, it appearing from the evidence that he did not attempt to maintain a home of his own, although he owned the premises hereinbefore referred to as No. 103 Eldridge street, Binghamton, N. Y., but, on the contrary, roomed and boarded with said Joseph V. Griffith and wife at said premises; nor did he, apparently, own an automobile nor indulge in any special luxury, but, on the other hand, evidently was thrifty and saving, as evidenced by the considerable estate which he amassed apparently through his own efforts. It is to be regretted that so little evidence was offered bearing upon the testator's own condition in life and manner of living, which would to some extent have been a guide in determining his intent as to what mode and manner of support and maintenance he desired to extend to said beneficiaries.

Now. after careful consideration of the evidence, and after hearing Israel T. Deyo, of counsel for the petitioners, Thomas J. Mangan, of counsel for People's Trust Company, one of the trustees herein, and John H. Mangan, for St. Mary's Orphan Home of Binghamton, N. Y., the remainderman herein, and careful consideration of the briefs submitted herein, I find and determine: That the income under trust provision A, which would amount to a little over fifteen dollars per week, after the deduction of the commission of the trustees thereunder, is under present living conditions a sufficient sum to comfortably maintain and support Michael H. Shea, the beneficiary thereunder, according to his station in life, the same to be paid monthly pursuant to said trust provisions.

I also find and determine that said Joseph V. Griffith, the sole beneficiary under trust B, is entitled to reside in said premises herein designated as No. 103 Eldridge street, Binghamton, N. Y.; that he is not entitled to receive the cost and expense of maintaining an automobile, nor compensation for any sum of money or moneys

which he may pay to his sister for keeping house for him; but I do find and determine that the sum of fifteen dollars per week, payable monthly, is necessary for his comfortable maintenance and support at the present time, having in mind his age, condition of health and station in life, and hereby direct said trustees, in case the income should be insufficient, to apply so much of the principal as may be necessary. I also find and determine that he should be compensated for whatever sum or sums of money he may actually disburse for taxes, insurance premiums on and for repairs to said premises No. 103 Eldridge street, Binghamton, N. Y., and do direct the trustees herein to so reimburse said beneficiary, Joseph V. Griffith, out of the principal of said trust fund, whenever and if necessary.

I further find and determine that the income from said trust fund C, amounting to fifteen dollars per week, after the deduction of the trustees' commission, is a fair and proper sum to be paid to the said Catherine I. Heath, one of the beneficiaries under the provisions of said trust C, for her comfortable maintenance and support, having in mind her age, condition of health and station in life, and hereby direct said trustees to pay the same monthly pursuant to said trust provisions. In fixing the amount, I call attention to the fact that, in testifying that her grocery bill amounted to fifty dollars a month, she undoubtedly included the board furnished by her to her said brother, Michael H. Shea, who rooms and boards with her and pays her the same as any other roomer or boarder would do; that her testimony that her personal clothing costs from twenty-five dollars to thirty dollars a month is unquestionably grossly extravagant for a woman in her station in life.

Lastly, I hereby confirm the written stipulation entered into by all of the interested parties herein, which was filed with this court on the 26th day of September, 1929, to the effect that said trustees pay to said beneficiary, Ellen Shea Hurley, under trust C, the sum of ten dollars per week for her support and maintenance by the Good Shepherd Home, Buffalo, N. Y., so long as her present condition continues, the same to be paid out of the principal of said trust fund, and I hereby direct said trustees to so make said payments.

I accordingly direct that an order be made and entered herein in accordance with the foregoing, with leave to any of the parties under this proceeding to apply on notice for an increase or decrease in the amount of the payments directed to be made to each or any of said beneficiaries, as her or his circumstances may from time to time require, and directing said testamentary trustees to pay out of each of said trust funds such costs, disbursements or allowances as may be taxed and allowed by this court, the same to be settled by this court on two days' notice.