In the Matter of the Accounting of HENRY BLOCH et al., as Trustees under the Will of CHARLES F. BEDELL, Deceased.

Surrogate's Court, New York County, August 22, 1949.

*Benjamin L. Blauvelt* for trustees, petitioners.

*Samuel Franklin* for Alice C. Leissner, respondent.

*Baker & Flaster* for Clarence B. Pierce, respondent.

*Nathaniel L. Goldstein, Attorney-General* (*P. Hodges Combier* of counsel), on behalf of charities, respondent.

FRANKENTHALER, S. The court is asked to construe testator's will to determine (1) whether the power to invade principal of

the trust created thereunder may be exercised by a substitute trustee, (2) whether the private resources of the beneficiary must be considered in determining the extent of permissible invasion, and (3) whether a certain gift in remainder is vested or contingent.

After directing the payment of two specific bequests to faithful employees, testator gave all of his personal effects to his widow. He bequeathed the residue of his estate to trustees, with directions to pay the income thereof to his widow for her life. He further authorized his trustees to pay to his widow "from time to time, so much of the corpus of said trust fund as they, in their discretion may deem necessary for her use and benefit." Upon her death, testator provided for two specific bequests out of trust principal and gave the residue to those whom his widow should in her will appoint. His two sons were excluded from participation in his estate, as they were "amply provided with worldly goods."

The plan of the will indicates that the primary purpose of the testator was to provide for his widow's comfort and well-being during her life. Except for four relatively minor bequests, the full use of the estate, in the form of income, was to accrue to the widow during her lifetime and be subject to her power of disposition at her death. The power given to trustees to invade the principal was evidently intended to continue as long as funds might be needed by the widow at any time during her life. Accordingly, the court holds that the power of invasion is not personal to the trustees nominated in the will (*Rogers* v. *Rogers,* 111 N. Y. 228; *Haynes* v. *Sherman,* 117 N. Y. 433; *Smith* v. *Floyd,* 193 N. Y. 683; *Matter of Donlin,* 177 App. Div. 184; *Matter of White,* 135 Misc. 377; *Matter of Sharpe,* 180 Misc. 778).

The will authorizes invasion of principal to the extent the trustees deem necessary for the widow's use and benefit. It is not made a condition to the exercise of this power that the widow be shown to be in actual financial need (Cf. *Matter of Martin,* 269 N. Y. 305; *Matter of Hogeboom,* 219 App. Div. 131; *Matter of Niles,* 122 Misc. 17; *Matter of Johnson,* 123 Misc. 834). The language employed by testator indicates that funds necessary for her full comfort and use are to be provided by the trustees; where the total income, to which she is absolutely entitled, is insufficient, the difference is to be furnished out of principal. There is no requirement that the trustees consider her private resources to determine her actual dependence upon the trust for her comfort (*Matter of Clark,* 280 N. Y. 155; *Rezzemini* v. *Brooks,* 236 N. Y. 184; *Matter of Ward,* 186 App. Div. 261; *Mat-*

ter of Allen, 111 Misc. 93, affd. 202 App. Div. 810; Manning v. Sheehan, 75 Misc. 374; Matter of Shea, 140 Misc. 710, mod. on other grounds, 234 App. Div. 176). " The gift of principal is as broad as the gift of interest. It is clearly not a gift of income with a condition attached as to the invasion of principal." (Matter of Martin, supra, 310.) " Whatever income the beneficiary may have from sources other than the trust is of no concern to the trustee in forming its judgment as to the amount necessary for her every comfort and support." (Matter of Clark, supra, p. 161.) The tenor of the entire will evidences a desire to make testator's estate, both principal and interest, initially available for her use and benefit.

The remaining question involves the construction of paragraph Sixth of the will, in which testator provided that " upon the death of my beloved wife  *  *  *˙ I give, devise and bequeath [from] the corpus of said trust  *  *  *  (a) To CLARENCE B. PIERCE  *  *  * the sum of FIVE THOUSAND DOLLARS ($5,000)." The named legatee survived the testator but died thereafter. The court holds that a vested remainder was thereby created in Clarence B. Pierce and that upon his death his interest in the bequest passed to his estate (Matter of Seaman, 147 N. Y. 69; Connelly v. O'Brien, 166 N. Y. 406; Fulton Trust Co. v. Phillips, 218 N. Y. 573; Matter of Weaver, 253 App. Div. 24; Matter of Beinhauer, 195 Misc. 705), the sum to be paid to his administrator at the death of the life tenant.

The application of the individual accounting trustee for permission to resign is granted.

Submit, on notice, decree construing the will, settling the account and granting permission to the individual trustee to resign.