In the Matter of the Construction of the Will of IDA M. THOMAS, Deceased.

Surrogate's Court, Jefferson County, October 11, 1949.

John H. O'Brien for Alfred H. Burdick, as executor and trustee of Ida M. Thomas, deceased, petitioner.

Mason M. Swan for Delia Moyer and others, respondents.

WRIGHT, S. As a part of the relief sought in this proceeding, a construction of the will is asked. The question under consideration is whether the will permits the invasion of principal of the trust for the maintenance of the son and his wife irrespective of the independent means of the son.

The will fails to contain an express provision that in the exercise of discretion the trustee should or should not take into consideration the individual income and resources or both of the income beneficiary. What was this testatrix' intent when she provided: " If, by reason of his physical and mental incapacity, my said son shall be unable to properly maintain and support himself and his family in the judgment of my said Trustee to pay over to my said son such part of the principal as may be necessary to so enable him to support and maintain himself and family "?

In determining the question in this particular case, an important element to consider is the fact that the son suffered serious illness in his youth. Because of a tubercular condition a part of the bone in his arm was removed and because of this illness and its consequences, the son was not able to enjoy the usual experiences to prepare himself for a normal life. His formal education ended with the fifth grade in school. From 1931, the son had no regular employment. He and his wife lived with the mother, the testatrix, who paid all of their living expenses. It would seem that the testatrix, a registered nurse, might well have had in mind more than the ordinary fear of uncertainty of the future of her only son. In other words, she had ample cause to worry about the possibility that, from his own efforts, her son would not be able to earn a livelihood for himself and his family.

It has been said that precedents and rules frequently have but slight value in interpreting wills; for those instruments are rarely, and, in the nature of things, are not likely to be, similar in terms. At the most, we can, and we should, give that construction to a will, which has in its favor the balance of reasons and probabilities. (*Robinson* v. *Martin,* 200 N. Y. 159, 164.)

Although helpful in ascertaining an obscure intent, rules of construction must necessarily yield where upon an inspection of the instrument and of the relevant facts and circumstances an intent is apparent.

The remaindermen lay stress on the holding in *Matter of Martin* (269 N. Y. 305). The will there under consideration and the circumstances there present were far different from what we find them in this matter now under consideration. The cases

distinguished in the opinion in the *Martin* case (*supra*), (*Holden v. Strong,* 116 N. Y. 471; *Rezzemini* v. *Brooks,* 236 N. Y. 184) are more applicable and are controlling here. One comment in the *Martin* opinion directly opposes the claim of these remaindermen; there the court said (p. 312) : " The primary question in this class of cases always is, does the will constitute an absolute gift of support and maintenance which it makes a charge upon the income from the estate and upon principal? If so, then the private income of the beneficiary cannot be considered."

Here it is evident that the paramount intent of the testator was to provide for maintenance of her son and his family, first by giving the entire income from the trust and then authorizing an invasion of the principal. The gift of the remainder interest to her brothers and sisters and her nephews and nieces was purely of secondary importance.

Under the cardinal rule of construction that the will should be construed to carry out the will of the testator I hold that the testatrix intended to authorize the trustee to invade the principal to the extent necessary to provide for the maintenance of the son and his family if the son is physically and mentally incapable to do so, and that such discretionary power lies in the trustee.

The amount required for such maintenance is $4,000 a year. The son is sixty years of age. He suffers from a colitis condition and he has been in poor health for many years. And for many years he has been, and now is, under medical treatment.

I find that the facts as they presently exist warrant the trustee to conclude that the son is now so incapacitated that he is " unable to properly maintain and support himself and his family ".

I hold that the son is entitled not only to the income but in addition a sufficient amount out of principal to make up the sum of $4,000 annually.