Love, J.
The appeal is taken from so much of the decree of the Surrogate as disallows the claim of the State of New York for support and maintenance of John T. Moss, an incompetent, prior to October 20, 1947, decrees that the trustee is not permitted to pay such claim prior to that date, settles the account of the trustee as filed without allowing the claim of appellants for the period prior to October 20, 1947, and fails to allow the claim from July 5, 1945 to October 20, 1947.
Sarah J. Moss, testatrix, and sister of the incompetent, died on July 5, 1945.
The incompetent had been an inmate of Willard State Hospital since 1929, incurably insane.
No one had paid anything for his support and maintenance there.
The will was probated September 5,1945, and George I. Teter was executor and trustee.
The will after making provision for some specific bequests contained the following paragraph:
“ Sixth: All the rest, residue and remainder of my property and estate, of whatsoever name, kind or nature, whether real or personal and wheresoever situate I give, and bequeath unto my executors and trustees hereinafter named, in trust, nevertheless for the following uses and purposes: To rent and invest the same and to receive the rents, income, interest and profits therefrom and apply them to the use of my brother John Thomas Moss and his wife, Elinore L. Moss, during their respective lives and for the use of the survivor of them, such income to be *291 distributed to said beneficiaries or either of them in such amounts and at such times as said executors and trustees may deem best in their discretion.
“ In case the income from said trust fund shall not be sufficient for the comfortable maintenance and support of my brother, then, I direct that my said trustees shall use such portion of the principal which, together with the income therefrom, may be necessary therefor.”
It further provided for distribution of any remainder of the trust fund, after the death of both John T. Moss and Elinore L. Moss, in specific sums to two institutions and to two cousins with another institution as the ultimate remainderman.
The accounts of the executor were judicially settled by decree dated October 2, 1946, and entered February 19, 1947, with an interpretation of the paragraph Sixth of the will, to the effect that the trustee might allot the income of the trust fund to John T. Moss and Elinore L. Moss in such manner or proportion as he thought proper or to either one to the exclusion of the other.
He accounted for $60,916.28 and transferred to himself as trustee about $51,048.09.
Thereafter the trustee paid all income from the trust fund to Elinore L. Moss. Nothing was paid to Willard State Hospital for support of John T. Moss, either from income or by invasion of principal.
On October 20, 1947, the Commissioner of Mental Hygiene established a rate of $60 per month against the trustee for the support of John T. Moss, as one of the beneficiaries of the trust under the will, beginning on the date of decedent’s death, July 5, 1945. On November 15, 1947, a bill was rendered from Willard State Hospital, pursuant to the order of the commissioner, for support from July 5, 1945 to October 31,1947, in the sum of $1,672.26.
The claim was not paid.
After correspondence and conferences with attorneys for the parties, the trustee decided that an intermediate judicial settlement of his accounts should be had to determine the question.
In his petition he sought the determination by the court of the question as to whether he was liable for the care of John T. Moss from the date of death of the decedent, from the date of the entry of the decree settling his accounts as executor or from the date of the determination of the Commissioner of the Department of Mental Hygiene on October 20, 1947, establishing the rate of $60 per month.
*292 The petition was dated March 29, 1948, and on July 21, 1948, a hearing was had before the Surrogate.
He rendered his decision under date of June 22, 1949, and his decree was made and entered on July 6, 1949.
The decree allowed the claim of the State of New York from October 20, 1947.
The Surrogate held that “ The provisions of the second paragraph of Item ‘ Sixth ’ of said will do not permit the trustee to expend principal for debts and obligations of said John T. Moss and claims based upon past maintenance and support provided by Willard State Hospital without notice to the trustee that a claim would be made therefor, cannot be paid under the terms of the trust, as such claim at the time it was presented was as to care and maintenance provided prior to October 20, 1947 a mere debt of the beneficiary ’ ’.
We do not feel that such claim was a mere personal debt of John T. Moss, after July 5, 1945.
We feel that the date upon which the trustee became liable to pay to the State of New York, from the income and principal of the trust fund for the maintenance and support of John T. Moss is July 5,1945, the date of death of the decedent, that the trustee is empowered to apply the income of the trust fund to either of the beneficiaries in his discretion and that whether or no he applies any income to the maintenance and support of John T. Moss he must use principal if necessary to provide for his comfortable maintenance and support.
He had in fact, used no income for such purpose up to the time of the institution of this proceeding and had used all of the income for the maintenance and support of Elinore L. Moss, in whose case there is no provision for invasion of the principal. (Matter of Tripp, 275 App. Div. 36.)
Payments of income or principal, or both, for comfortable support and maintenance of John T. Moss must be made regardless of the prospective rights of any remainderman in any unexpended moneys contained in the trust fund. (Rezzemini v. Brooks, 236 N. Y. 184.)
The executor and trustee drew the will of this decedent and knew that then and ever since, John T. Moss was a hopeless incompetent, an inmate of a State hospital.
There can be no laches, waiver or estoppel imputed to the State. (Gibson v. Chouteau, 13 Wall. [U. S.] 92.)
That portion of the decree from which the appeal is taken must be modified.
*293 The fifth decretal clause must be modified by striking out “ 20th day of October, 1947 ” and inserting in place thereof “ 5th day of July, 1945 ”.
The last decretal clause should be modified by striking out the words, “ in the exercise of due regard for the rights of all parties interested in said trust fund ”, and as so modified, the decree affirmed.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Piper, JJ.
Decree insofar as appealed from modified on the law and facts in accordance with the opinion and as modified affirmed, without costs of this appeal to any party.