Harry G-. Herman, S.
In this independent proceeding for a construction the court determines that if the income from the trust under article second, subdivision (a) is insufficient for the proper maintenance and support of the widow of testator, upon written demand by her the trustee is required to invade the principal of said trust not exceeding the sum of $12,000 annually, for her proper maintenance and support. In this respect the provisions of the will are comparable to those construed in Matter of Woollard (295 N. Y. 390).
In the absence of such written demand the trustee in its sole discretion is authorized to invade principal to the extent that it shall reasonably find that the income from such fund is insufficient for the proper maintenance and support of the widow, provided, however, that such principal invasions shall not exceed the sum of $12,000 annually. In this respect the provisions of the will, apart from the limitation as to amount, resemble those construed in Rezzemini v. Brooks (236 N. Y. 184). It follows that the trustee in exercising such discretion is not required to consider any income payable to the widow other than that to which she may become entitled by virtue of the provisions of the trust created under article second, subdivision (a) of the will of the testator. (Rezzemini v. Brooks, supra.) In accordance with the provisions of the will such payments, insofar as practicable, shall be made in quarter-annual installments.
It appears that no principal invasions have been made since the death of testator. By the provisions of the will any income *797 and authorized invasions of principal are required to commence as of the first day of the month next following the death of the testator. Moreover, the testator expressly directed that if principal invasions failed to equal $12,000 in any year any such deficiency might be paid or applied in any subsequent year or years in the sole discretion of the trustee as his wife might request in writing. Pursuant to the written demand of the widow of testator the trustee is accordingly required to pay to her such principal as has been requested not exceeding $12,000 annually. Such payments shall commence as of the fiscal year beginning December 1, 1957, the testator having died on November 22,1957.