In the Matter of the Estate of ALIETA S. JOHNSON, Deceased.

Surrogate's Court, Suffolk County, December 8, 1966.

*Scheinberg, Wolf, Lapham & De Petris* for petitioner. *Rensselaer G. Terry, Jr.,* special guardian.

PIERSON R. HILDRETH, S. In this accounting, petitioner also requests a construction of the will with regard to the extent of the power of the trustee to invade principal for support of decedent's husband as income beneficiary of a trust. The will left the residuary estate in trust with income payable to the decedent's husband for life and also gave the trustee authority to pay or apply such part of the principal as the trustee in his discretion " shall deem necessary for the maintenance, support and welfare of my said husband ". The trust income is not sufficient to pay the entire support of the husband. He has some income of his own. The trustee and other parties have different opinions as to whether the trustee should invade principal sufficiently to pay for the entire support of the beneficiary so that the beneficiary would not need to use any of his own funds or whether the trustee may invade principal only to the extent necessary to supplement trust income and the beneficiary's own income.

In the opinion of the court the intent of testatrix from the language of the will was to make a gift to her husband of full care and support irrespective of the independent resources of the beneficiary-husband. The language indicates that testatrix intended her husband to receive all income of the trust fund and as much of the principal as was necessary for his " maintenance, support and welfare ". The extent to which principal should be used because income was or might be insufficient was left to

384

the complete discretion of the trustee. There is no condition that the beneficiary-husband be compelled or required to use up all of his own independent resources before the trustee may invade principal for his support.

The court construes the will as authorizing full support of the beneficiary irrespective of the independent income or resources of the beneficiary. (*Holden* v. *Strong,* 116 N. Y. 471; *Rezzemini* v. *Brooks,* 236 N. Y. 184; *Matter of Clark,* 280 N. Y. 155, cf. *Matter of Martin,* 269 N. Y. 305.) The court is of the opinion that the language of this will does not impose a condition of need upon the authority of the trustee to invade principal. To impose a condition of need or a mandatory requirement that the resources of the beneficiary must be used up before the trustee may exercise a discretionary power granted to use principal for support, the language should be quite clear in indicating that such condition was intended. How much principal should be used is a matter expressly left to the wise discretion of the trustee, and is not for the court to determine in the first instance. The will is construed accordingly.