In the Matter of the Construction of the Will of JACOB FLYER, Deceased. PHYLLIS KAVETT, as Trustee, et al., Appellants; JEANNETTE G. LEAVITT, as Committee of the Incompetent, ELSIE FLYER, et al., Respondents.

First Department, November 30, 1967.

*Herbert Monte Levy* for appellants.

*Richard E. Leavitt* of counsel (*Leavitt & Leavitt,* attorneys), for Jeannette G. Leavitt, respondent.

McNALLY, J.  This appeal brings up for review the construction of a testamentary trust for the benefit of testator's widow. The will is dated July 25, 1960.  Testator died August 10, 1964. His widow for some time prior to July 25, 1960, was and is totally disabled and hospitalized.  She is now incompetent and an inmate of Pilgrim State Hospital.

The trust provision is as follows:  " to pay  *  *  *  or to use for the benefit of my said wife Elsie, the income thereof for the life of my said wife Elsie; provided, however, that if such income be insufficient for the support and maintenance of Elsie, my Trustee shall so pay or use from principal sufficient moneys to provide for Elsie's support and maintenance, in the sole, absolute and uncontrolled discretion of the Trustee."

The trust corpus is about one third of the estate.  The remainder of the trust is to be paid in equal shares to the three daughters of the testator, one of whom is the trustee.  The daughters and their issue are entitled to the balance of the estate.

The amount of required support is undisputed.  It is also undisputed that the trust income is insufficient therefor.  The trustee contends the trust corpus need not be invaded even though the amount required for the support and maintenance of the hospitalized widow is in excess thereof and the trustee may take into consideration the income and resources of the widow in determining whether to apply principal to the support of the widow.

The will here involved provides for a gift of trust income and principal for the support and maintenance of the testator's widow.  Substantially the same language was so construed in *Rezzemini* v. *Brooks* (236 N. Y. 184, 191–192).  There the testamentary trust provided, " If the income  *  *  *  shall be insufficient  *  *  *  I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose."  The provision for the application of principal to support and maintenance is not conditioned on the beneficiary's need or requirements, as in *Matter of Martin* (269 N. Y. 305, 308) wherein the direction as to principal was " and such part of the principal thereof as she may require for her care, support and comfort, during her natural life."  In *Martin,* the financial need of the beneficiary was a relevant consideration in the light of the trust provision.  Here, as in *Rezzemini,* the sole criterion is the adequacy of the trust income to meet the undisputed required support. The discretionary power of the trustee is not involved because it relates to the extent of principal invasion required for such support, which is not in issue because the amount required for

support and the inadequacy of the trust income therefor are undisputed. Where, as here, the will expresses the meaning and intention of the testator and there is no ambiguity, the sole function of the courts is to enforce it according to its terms. (*Mullarky* v. *Sullivan*, 136 N. Y. 227, 231–232.) If there were ambiguity, we would find the testator's intention was to bequeath the income and principal of the trust for the support and maintenance of his widow without regard to her personal income and resources. Testator was aware of the extent of his wife's possessions and income. Respondent-trustee-appellant, a remainderman, concedes testator was " at all times " concerned with his wife's welfare and medical needs, and that she is " a good woman, a kind woman." It would appear, however, that the widow's longevity exceeds the expectations of the remaindermen. It is purely a matter of speculation whether the testator's prognosis of the widow's expectancy was the same as the remaindermen's. " Courts may not vary or void the terms of a valid will by the exercise of judicial hindsight in order to improve upon the decedent's scheme of testamentary disposition." (*Matter of Niedelman*, 6 A D 2d 291, 296, affd. 5 N Y 2d 1043.)

The order should be affirmed, with costs to petitioner-respondent.

McGivern, J. (dissenting). In my opinion it is more realistic and more reasonable to permit the trustee to consider the widow's resources in determining whether or not to invade the principal.

That this was the intent of the testator is manifest by the fact that during the four years intervening between the execution of the will and the testator's death — and a will is an ambulatory instrument — the now incompetent's social security income was used in part payment of her upkeep. It is difficult to believe the testator wished it otherwise after his death. Nor can it be. He envisaged a surplus. He said, in paragraph 2 (A)-(1) of his will, " If * * * any part of the net income thereof need not be used for the support and maintenance of my said wife, such part of the income shall be added to and become part of the principal of the trust estate." This provision is an integral part of his intent, and must be given force. The only way it makes any sense at all is that the incompetent's independent income and resources are also to be calculated.

Nor, under all the facts and circumstances obtaining at the time of the will's execution, is this interpretation unsupported by the precedents. Absent explicit direction to the contrary, the view that invasion of the principal is dependent on and

must be preceded by a consideration of the beneficiary's needs and resources, is not lacking in authority. (*Matter of Martin,* 269 N. Y. 305; *Matter of Garrett,* 9 A D 2d 545.) And this course should be followed here. Otherwise, an incongruity results. The corpus will be eroded—for as it decreases, its yield will correspondingly diminish, to the point of destruction, if the widow lives long enough. And an injury is wrought to the children of the testator. All the while, the socal security payments of the widow here will batten and pointlessly accumulate. Social security was devised to allay the fears and mitigate the privations of old age, not to multiply for some one else, other than the subject, to enjoy.

I would reverse and allow the trustee to consider the assets and income of the widow in determining whether to invade the corpus of the trust.

Stevens, J. P., and Capozzoli, J., concur with McNally, J.; McGivern, J., dissents in opinion, in which Steuer, J., concurs.

Order entered on June 15, 1966, affirmed with $50 costs and disbursements to all parties filing briefs, payable out of the estate.