In the Matter of the Consolidated Proceeding for the Judicial Settlement of the Account of CITY BANK FARMERS TRUST COMPANY, as Executor, etc., of STELLA S. COCHRAN, Deceased, and for the Determination of All Questions Raised by ELIZABETH S. SCHUMACHER as to the Validity, Construction and Effect of the Provisions of Clause " Fourth " of Said Will. ELIZABETH S. SCHUMACHER, Life Tenant, Appellant; CITY BANK FARMERS TRUST COMPANY, as Executor, etc., of STELLA S. COCHRAN, Deceased, STELLA W. DODD, and Others, Remaindermen, Respondents.— In a consolidated proceeding for the judicial settlement of the account of the respondent City Bank Farmers Trust Company, as executor, the appellant sought a construction of paragraph " Fourth " of the will and a decree directing the respondent bank, as trustee, to pay over to her the entire corpus of the trust fund created by that paragraph of the will. Decree of the Surrogate's Court, Westchester County, in so far as appealed from, unanimously affirmed, with costs to all parties appearing separately and filing briefs, payable out of the trust estate. There was no existing controversy at the time of the

commencement of the proceeding, since the fund did not come into the hands of the trustee, as such, until after the entry of the decree. The authorities cited by the appellant (*Holden* v. *Strong*, 116 N. Y. 471; *Rezzemini* v. *Brooks*, 236 id. 184; *Matter of Clark*, 280 id. 155) do not support the contention that appellant is entitled to payment of the entire corpus merely upon showing that she has already expended more than that amount for her living expenses. The will directs that such payments shall rest within the discretion of the trustee, and as yet the trustee has had no opportunity to exercise discretion. We do not now pass upon the question whether the trustee may take into consideration the appellant's independent property and income. That question should not be determined in the absence of proof of all the surrounding circumstances. The decree does not prevent the appellant from raising that question again, and if it is raised the surrogate should take proof of all relevant facts. But even if it should be held that the trustee could not consider the appellant's other income, it would not follow that the appellant would be entitled to reimbursement out of the trust principal for all her expenses. If the trustee could not consider the appellant's personal income for the purpose of determining to what extent the principal of the trust fund should be invaded, neither would it be bound by the appellant's expenditures in determining how much she needs for her support. Present — Lazansky, P. J., Hagarty, Taylor and Close, JJ.; Carswell, J., not voting.