principal of the Allen estate was less than $100,000. Only in case " the gross value of the principal of the estate or fund accounted for amounts " to that sum or to more, may the commissions allowed to trustees exceed those to which a sole trustee is entitled. (Code Civ. Pro. sec. 2753; Surr. Ct. Act, sec. 284.) The decree and order appealed from should, therefore, be modified by reducing the commissions therein allowed to the trustees to an amount equal to the commissions allowable to a sole trustee, and the proceedings should be remitted to the Surrogate's Court to determine and apportion such commissions. Otherwise the order and decree should be affirmed, with costs to all parties appearing or filing briefs on this appeal, payable out of the estate.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN, CRANE and ANDREWS, JJ.

Ordered accordingly.

---

ANNA J. M. LOCKWOOD, Appellant, v. MANICE DE F. LOCKWOOD, Individually and as Executor and Trustee of WILLIAM B. E. LOCKWOOD, Deceased, et al., Respondents.

*Husband and wife — dower — action for admeasurement of dower — determination of question whether plaintiff is widow of decedent.*

Lockwood v. Lockwood, 201 App. Div. 657, affirmed.

(Submitted March 22, 1923; decided April 24, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 20, 1922, affirming a judgment in favor of defendants entered upon a verdict. The action was for the admeasurement of dower. It was stipulated that the only question to be determined by the jury was whether or not the plaintiff is the widow of William B. E. Lockwood. The court submitted this question to the jury in the following form: " Was the plaintiff married to William B. E. Lockwood on July 16, 1915? " and the jury was directed to answer this question " Yes " or " No." They jury brought in a verdict answering the said question " No."

*Jerome A. Strauss* and *Max D. Steuer* for appellant.
*Middleton S. Borland* and *Percy F. Griffin* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* MIKE COOK, Appellant.

*Crimes — violation of Liquor Tax Law — judgment of conviction affirmed.*

People v. Cook, 197 App. Div. 155, affirmed.
(Argued March 23, 1923; decided April 24, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 11, 1921, which affirmed a judgment of the Cattaraugus County Court rendered upon a verdict convicting the defendant of the crime of violating the Liquor Tax Law.

*H. P. Nevins* and *James P. Quigley* for appellant.
*Carl Sherman, Attorney-General (C. T. Dawes* of counsel), and *Archibald M. Laidlaw, District Attorney,* for respondent.

Judgment affirmed; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* NICHOLAS ANCKNER, Appellant.

*Crimes — maintenance of common nuisance — judgment of conviction affirmed.*

People v. Anckner, 202 App. Div. 783, affirmed.
(Argued March 23, 1923; decided April 24, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 6, 1922, which affirmed a judgment of the Cattaraugus County Court rendered upon a verdict convicting defendant of the crime of maintaining a common nuisance under the provisions of section 1214-g of the Penal Law.

*H. P. Nevins* and *James P. Quigley* for appellant.
*Archibald M. Laidlaw* for respondent.