In the Matter of the Account of Proceedings of F. IRVING WALSH
and Another, as Executors of the Last Will and Testament of
ELIZABETH VAN BUREN WHITE, Deceased.

Surrogate's Court, Westchester County, November 13, 1925.

Wills — construction — testatrix, after directing executors to pay to
incompetent daughter in monthly installments all income of residuary
estate, set up trust for care and maintenance of said incompetent —
testatrix authorized said executors in their discretion to use principal
of trust for said purpose — incompetent not entitled to receive cost of
support from corpus of trust until income from all sources is exhausted.

A will, under which the residuary estate of the testatrix is left in trust for an
incompetent daughter with a direction that the executors shall pay to said
daughter in monthly installments " all the income, interest and profits of the
estate held " by said executors, or in the discretion of said " executors   *   *   *
to devote such income, interest and profits to the care, support, maintenance
and comfort " of the said daughter, and then recites that " if in the judgment "
of said executors " such income, interest and profits be insufficient for said
purposes or any of them, I authorize them from time to time to use the principal
of the trust estate, or so much thereof as is necessary for said purposes," does
not entitle said incompetent to receive the entire cost of her proper support,
payable from the corpus of the trust, if the income be insufficient, independent
of other sources of income, particularly where said testatrix had knowledge
before executing said will that the annual income of said incompetent, aside
from said trust, aggregated $9,900 a year.

Moreover, the will gives no right to invade the principal of said trust until the
income from all sources, including the income from the trust herein, coming
into the hands of the committee of the property of the incompetent, is less than
the cost of her annual maintenance.

PROCEEDING for accounting of executors involving construction
of will.

*Blake, Durham, DeMilhau & Conwell* [*Knowlton Durham* of
counsel], for the executors.

*Wallin, Beckwith & Edie* [*William J. Wallin* of counsel], for the
Westchester Trust Company, as committee for incompetent.

*Edwards, Murphy & Minton* [*William L. F. Gardner* of counsel],
for remaindermen under the will of Thomas H. White.

*J. Alvord Peck,* special guardian for the incompetent.

*Fred A. Burns,* special guardian for minors.

SLATER, S.:

Elizabeth Van Buren White died December 13, 1923, leaving a
last will and testament which was executed on October 3, 1923.
The testatrix at the time of her death was eighty-three years of

age. Her husband had predeceased her, and Zenobia Hill White is her only child. Zenobia is now fifty-five years of age, and is a chronic epileptic. She was adjudged incompetent by the County Court of Westchester county November 19, 1923. Mary A. Walsh was appointed committee of her person and the Westchester Trust Company committee of her property. The daughter Zenobia resided with her mother, and was cared for by her until the latter's death. She still resides in the same home in the care of the committee of her person.

When the mother made her will Zenobia had the following property:

*First.* Property in her own right valued at $37,000. The mother knew of this. In fact, she had it placed in a custodial account with the Westchester Trust Company. This property now amounts, with additions, to about $42,000 and with an annual yield of about $2,000;

*Second.* Zenobia had the income for life under a deed of trust made by the mother to the Irving National Bank, dated November 30, 1921. The principal of this trust exceeds $70,000 and the annual yield is about $3,900;

*Third.* Zenobia's father, Thomas H. White, died July 21, 1919, and under his will his wife, Elizabeth Van Buren White, had the income of the residuary estate for life, and on her death the daughter Zenobia was entitled to the income for her life. The mother had knowledge thereof, as appears by evidence in the case. The annual yield to Zenobia since her mother's death is about $4,000 per year. Consequently, the annual yield from these three sources amounts to about $9,900 per year.

The mother's will leaves the residuary estate, which amounts to about $72,000, in trust for Zenobia. The yield therefrom is about $3,000 per annum. The gift is made in these words:

" *Sixth.* My chief thought and concern being that my beloved daughter, Zenobia Hill White, shall live in such comfort as my means may provide, I direct my executors, their successor or successors, to pay to my said daughter in monthly instalments all the income, interest and profits of the estate held by my executors as trustees, or in the discretion of my executors, their successor or successors, to devote such income, interest and profits to the care, support, maintenance and comfort of my said daughter. If in the judgment of my executors, their successor or successors, such income, interest and profits be insufficient for said purposes or any of them, I author-ize them from time to time to use the principal of the trust estate, or so much thereof as is necessary for said purposes or any of them. If consistent with the above purpose and if in the judgment of

my said executors, their successor or successors, the income of my estate permits it, I desire that any home which my daughter and I occupy at the time of my death be kept for my daughter's residence so long as she wishes it."

By the 7th paragraph of the mother's will the remainder was given in these words:

" *Seventh.* Upon the death of my daughter, Zenobia Hill White, I direct my executors, their successor or successors, to pay her funeral expenses, to convert the property then held in trust by them into money; and to pay over such money to the descendants or descendant *per stirpes* of my daughter, Zenobia Hill White, or if she have no descendants her surviving, to pay one-fourth of said money to descendants of three brothers and one-fourth to the daughter of a cousin."

The estate of the testatrix consists of real and personal property.

A few days after the making of the will the mother petitioned the County Court of Westchester county to have the daughter Zenobia declared an incompetent, and the appointment of the committee of the person and of the property was made as hereinbefore stated. Subsequently the County Court, after hearing all interested parties, ratified the payment of $450 per month for the care of the incompetent, and beginning November 1, 1924, increased such payment to $600 per month.

Because the cost of the care of the incompetent exceeded the amount of the income of the trust arising under the will of the testatrix, the committee of the property presented a claim to the executors and trustees of the estate of the testatrix for the difference between the annual yield of the trust fund and the yearly cost of maintenance of the incompetent. This claim was rejected and the petitioners herein seek construction of the 6th and 7th paragraphs of said will.

The question is whether the incompetent is entitled to receive under the will of her mother the entire cost of her proper support, payable from the *corpus* of the trust, if the income is insufficient, independent of her other sources of income.

The committee of the property is contending that the case of *Rezzemini* v. *Brooks* (236 N. Y. 184) controls. The executors and trustees of the will of the testatrix are of the opinion that the facts in the instant case are different, and, consequently, the law of the case of *Rezzemini* v. *Brooks* (*supra*) is not controlling.

To ascertain the intention of the testatrix, extraneous proof has been taken to reveal the situation of the testatrix's property at the time of her death, the condition of the beneficiaries and the circumstances surrounding the execution of the will, with a desire

to consider the surrounding circumstances that culminated in the testamentary act. (*Brown* v. *Quintard,* 177 N. Y. 75, 83; *Furniss* v. *Cruikshank,* 230 id. 495, 501; *Collister* v. *Fassitt,* 163 id. 281, 284.

The provisions of the will in the *Rezzemini* case are not the same as the terms of the will in the instant case in words or in effect. In the *Rezzemini* case the testatrix gave all of her property in trust, to pay the income arising therefrom to her son during the term of his life, and upon his death " to pay over the principal of my estate, or so much thereof as may then remain " to the infant defendants. The will, by a subsequent clause, further provided that: " If the income from my estate shall be insufficient for the proper support of my said son, then in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose."

The will in the instant case, in giving the remainder, omits the term " *or so much thereof as may then remain.*" The learned counsel for the committee of the property contends otherwise, but it is my opinion that the words used in the 7th paragraph, which gives the remainder, refers to the conversion of real property into money.

Again, the will in the instant case prefaces the gift of income by the words: " If in the judgment of my executors, such income be insufficient." These words are lacking in the *Rezzemini* case.

Judge HOGAN, writing for the court in the *Rezzemini* case, said: " Following the death of John, the testatrix did not provide that the principal should be paid to the remaindermen. On the contrary, in concise language, she provided that the principal, ' *or so much thereof as may then remain,*' should be paid to the remaindermen, clearly indicating that her son was to be supported and maintained, *first,* from the income so far as the same would suffice, and *second,* from principal in such amount as might be necessary in addition to income, to properly support and maintain him. In the absence of the words italicized, the remaindermen, upon the death of John would have succeeded to the principal of the trust. The presence of the words, however, does not entitle the remaindermen to any estate in the property of the testatrix save only in the event that upon the death of the life beneficiary, a part of the principal then remains undisposed of. (*Leggett* v. *Firth,* 132 N. Y. 7; *Seaward* v. *Davis,* 198 N. Y. 415; *Matter of Skinner,* 81 App. Div. 449; 180 N. Y. 515.)"

From Judge HOGAN's language it would appear that this particular clause of the will was the controlling factor in the court's decision. Such, or similar language does not obtain in the instant case. The court further said: " Seemingly for the purpose of

emphasizing her solicitude for the support of her son and to avoid any possible misinterpretation of her wishes, in the fourth clause of her will testatrix provided: ' If the income from my estate shall be insufficient for the proper support of my said son, then in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose.' "

It is my opinion that the law of the *Rezzemini* case does not control the instant case.

Similar provisions in other wills which have received judicial construction granting necessary support and maintenance from the principal of estates where the beneficiaries have other property or means of support are not in accord with the provisions of the will in the instant case. (*Forman* v. *Whitney*, 2 Abb. Ct. App. Dec. 163, 166; *Holden* v. *Strong*, 116 N. Y. 471, 475; *Manning* v. *Sheehan*, 75 Misc. 374, 377; *Matter of Riley*, 4 id. 338, 341; *Stewart* v. *Cuyler*, 17 Barb. 482, 487.)

We have the provision for the daughter made at a time when the testatrix had knowledge of the property owned by the daughter and the income derivable from the same, as well as knowledge of the trust created by the father's will, and the further fact of the creation of a trust by herself from her own property for the benefit of the daughter.

It is significant that, in the creation of the trust in the deed of trust of her own property for the benefit of Zenobia, she made use of these words: " As it is the especial wish and desire of the party of the first part to provide for the comfort of her daughter Zenobia Hill White, the Trustee is hereby authorized and empowered, in its sole discretion, to apply to the use of said daughter so much and such part of the principal of said trust estate as may seem necessary and proper, if the income of said daughter from all sources should prove to be inadequate for her personal needs. The Trustee, however, shall be sole judge as to whether the income of said daughter is adequate or not."

The difference between her deed of trust and the will is that the deed of trust gives discretion to apply " so much of the principal as may seem necessary and proper, if the income of said daughter *from all sources* should prove to be inadequate for her personal needs." The will fails to speak of income from " all sources," but creates a discretion occasioned by the exercise of the judgment of her executors, trustees.

It is contended that by use of the words " such income," the trustees are called upon to invade the principal, should the income be less than the cost of the support of the incompetent. The court cannot accede to this view. If this were so, the use of the words of

discretion are without force. Omit the words of discretion and you will be within the clause of the will in the *Rezzemini* case, which lacks terms of discretion and states boldly: " If the income * * * be insufficient * * * to expend so much of the principal * * * as may be necessary " " for the proper support of my said son." (*Matter of Longenecker, No. 1*, 226 Penn. St. 1.) Words are never to be rejected as meaningless. Excision is a " desperate remedy," says Judge Cardozo in *Matter of Buechner* (226 N. Y. 440, 443). Consequently, effect must be given to the words " if in the judgment of my executors such income be insufficient."

It is my opinion that the trustees under the will of the testatrix have no right to invade the principal until the income from all sources (including the income from the trust in the instant case) flowing into the custody of the committee of the property of the incompetent, is less than the cost of her yearly maintenance. Should this ever occur, it is the duty of the trustees to take further advice from the court upon the exercise of their discretion.

Cases, upon facts of their own, holding that corpus should not be invaded are *Matter of Briggs* (180 App. Div. 752); *Matter of Niles* (122 Misc. 17; affd., 211 App. Div. 826); *Matter of Johnson* (123 Misc. 834). In my opinion, the instant case falls within the principle of law declared in this line of cases.

The persons who take the remainders under the will in the instant case and under the trust created by the testatrix by her deed of trust are the same. Those who would be next of kin of the incompetent at the time of her death, and those who take the remainder under the will of the incompetent's father, are not the same persons who take under the instant will and the mother's trust.

To hold that the principal fund can be resorted to without reference to other means of support which the incompetent may have, would be giving authority to exhaust the fund in about fifteen years. It is my opinion that the testatrix did not have any such result in view; that by the lodgment of discretion, she was following practically the terms of her deed of trust. Of course, she wanted to provide in the most ample manner for the care of this incompetent daughter who might have many years to live against the vicissitudes of life, or of estates, and she had well in mind the discretion invested in the trustee under her deed of trust to invade the principal of that trust, if all other sources failed to provide the ample income for the daughter's personal needs. Then, for greater precaution, she provided in her will by giving discretion to her executors and trustees to invade the principal of that particular trust, if necessary.

The cases holding that the principal of trust funds could be

used without resort to the beneficiary's own property, or the income therefrom, was because of the peculiar language of the wills creating the trusts. (*Matter of Ward,* 186 App. Div. 261, 262; *Holden* v. *Strong,* 116 N. Y. 471; *Matter of Allen,* 111 Misc. 93, 97; affd., 202 App. Div. 810; mod. on other grounds, 236 N. Y. 504.)

In the instant case the trustees are accorded a discretion, being at all times subject to the supervision of a court of competent jurisdiction. The exercise of discretion is left to the good judgment of the trustees and is only reviewable by this court in case there is an abuse of such discretion. The court will not interfere with the reasonable exercise thereof.

Submit decision and decree in accordance with this opinion.