In the Matter of the Estate of CHARLES G. SHARP, Deceased.

Surrogate's Court, Wayne County, July 25, 1930.

*John W. Brandt*, for the executor, petitioner.

*James P. Thompson*, for Albertine Sharp.

WILLIAMS, S. This is a proceeding for the judicial settlement of the accounts of the executor of the will of Charles G. Sharp, deceased, in which a construction is asked of the 2d paragraph of such will which reads as follows: "I hereby devise and bequeath to my beloved wife, Albertine Sharp to have and to hold during the term of her natural life, all of my property both real and personal. Should the income from my property be insufficient for her proper maintenance and support, I hereby direct that she shall use a sufficient amount of real and personal property, or both, for such maintenance and support, and I direct her to resort to the disposition of my personal property for that purpose before selling or incumbering my real property."

It is conceded that the income from the estate is insufficient for the proper maintenance and support of Albertine Sharp, the sur-

viving widow, and the question raised is whether she is entitled to receive from the principal such sums, in addition to the income, as are or will be sufficient for her proper maintenance, irrespective and without consideration of her separate property or income from other sources.

The intention of the testator is the controlling factor, to be determined in the light of the circumstances existing at the time the will was made.

The will is dated June 3, 1922, and was probated February 13, 1929, the testator having died on January 2, 1929. In addition to the clause quoted the will makes the following provisions to take effect at the wife's death, viz., (1) a legacy of $1,000 to Nellie E. Cleveland, to be paid " from my personal estate if there still remains that amount, and all of my personal property then remaining if there shall remain less in value of personal property than one thousand dollars; " (2) a legacy to Cora A. Ely of $900, " to be paid out of my personal estate," and a piece of real estate, containing " about two acres; " and (3) a gift of the residuary estate to Augusta A. Hall. Estus Hall was named executor.

Nellie E. Cleveland is a daughter of testator by his first marriage; Cora A. Ely is a daughter of Mrs. Sharp by her first marriage, and Augusta A. Hall is the daughter of testator and of Albertine Sharp. The executor is the husband of Augusta A. Hall.

Decedent's estate consisted of an undivided interest in real property owned by him and his wife as tenants in common worth about $600; a mortgage for $500 owned by him and his wife jointly, and about $4,665 deposit in bank drawing four per cent interest.

Testator received a pension as a veteran of the Civil War and doubtless was aware that his wife would be likewise entitled to a pension upon his death.

Mrs. Sharp, the widow, is now seventy-nine years old, and consequently was seventy-one years of age when the will was executed. She now receives a pension of forty dollars per month as widow of a veteran and, in addition to the property above mentioned, has ~ut $1,000 in the bank but no other property or income. She resides with her daughter, Mrs. Ely, and pays board and requires other money for clothing, medical attendance and other purposes. The executor has been paying her twenty-five dollars per month, a sum which exceeds the income of the estate, and represents in part a payment from the principal.

Obviously, the first thought in the mind of the testator when he prepared his will was the care and comfort of his wife. He gives her the income and " Should the income be insufficient for her proper maintenance and support, I direct that *she* shall use a sufficient

amount of [principal] for such maintenance and support, and I direct *her* to resort first to the personal property for that purpose." He doubtless realized that the income from his property, about $200 per year, would be insufficient for her "proper maintenance and support." But it seems to me that he also had in contemplation the fact that his wife had and would have other income. Having all of these circumstances in mind, he intended that such joint income should be supplemented out of principal so far as was proper or necessary for her comfort and support. If he had intended otherwise he would not have made the subsequent careful provisions for the daughters, for if the whole of the widow's maintenance is to be taken from the estate, then there would probably be little if anything left to pay on these legacies. The appointment of the husband of the residuary legatee as executor and trustee is likewise significant.

These views seem to be supported by recent decisions. (*Matter of Briggs*, 180 App. Div. 752; mod., 223 N. Y. 677; *Matter of Niles*, 122 Misc. 17; affd., 211 App. Div. 826; *Matter of Hogeboom*, 219 App. Div. 131; *Matter of White*, 125 Misc. 901; *Matter of Johnson*, 123 id. 834; *Matter of Luce*, 128 id. 355; *Matter of Smith*, 129 id. 497.)

I, therefore, hold that Albertine Sharp is entitled to the whole income and such additional sums from the principal as, taken in connection with her own income, will be sufficient for her comfortable maintenance and support.

Decree may be submitted on July twenty-ninth, and, if it is desired that the amount so to be paid be fixed, I will hear counsel on that subject at that time. The decree will also provide for a bond by the executor as required by section 169 of the Surrogate's Court Act.