In the Matter of the Judicial Settlement of the Accounts of ORLO EPPS, as Testamentary Trustee under the Last Will and Testament of TRACY M. BLANCHARD, Deceased, by CHARLOTTE EPPS, as Executrix, etc., of said ORLO EPPS, Deceased.

MINNIE A. BLANCHARD, Appellant; CHARLOTTE EPPS, as Executrix, etc., of ORLO EPPS, Deceased, and Another, Respondents.

Third Department, May 13, 1931.

*Lewis F. Raymond* [*Arthur F. Curtis* of counsel], for the appellant.

*Dennis J. Kilkenny*, for the respondent Charlotte Epps, as executrix, etc.

*Samuel H. Fancher*, for the respondent First National Bank of Walton, N. Y., as substituted trustee.

HINMAN, J. The will of the testator provided a trust to pay the income of his residuary estate to his widow, Minnie A. Blanchard, during her natural life and also provided that " in case *such income* " is not sufficient for her comfortable and proper support and maintenance, then there may be used of the principal " *whatever sum as shall be necessary for such maintenance and support* as aforesaid, which sum or sums *shall* from time to time be paid by said trustee to my said wife for the purposes as aforesaid, *to the full extent* of keeping her comfortable and properly fed, clothed and cared for.'' The will further bequeathed and devised *all of the said estate " that there shall or may be remaining at the death of my said wife "* to another beneficiary " absolutely.'' Under the reasoning and prin-

ciple laid down in *Holden* v. *Strong* (116 N. Y. 471) and *Rezzemini* v. *Brooks* (236 id. 184, revg. 204 App. Div. 157), which we regard as controlling in this case, the widow of the estate was entitled to have the total proper cost of her comfortable care, maintenance and support paid for out of the principal of the trust if the income was insufficient for the purpose, even though she had other property of her own or was able to help support herself by her own exertions. The practical question for the determination of the surrogate was whether the total proper cost of the widow's comfortable care, maintenance and support from January 6, 1926, to the time of the last hearing in January, 1930, a period of four years, actually exceeded the balance of the principal, amounting to $945, paid to her by the trustee on January 6, 1926. (See memorandum decision on former appeal, 227 App. Div. 836.) The widow has accounted for the expenditure of a much larger total cost of her care, maintenance and support than the $945, including only $7 a month for rent, $1 a day for board, $1 a month minimum charge for electric lights, $25 a year for clothing, $10 a year for church, $20 a year for fuel, $10 for repair of stove, $6 for eye glasses, $40 for medical care and a few dollars extra for incidentals. The rent covered a period of about three years, and the board a period of about two years. The other items cover the four-year period. For the last year, her rent, and for the last two years, her board, have been purchased by services rendered by her. The will of the testator has been carried out and it now seems clear that the widow was entitled to have much of the $945 applied upon advancements made by her out of her own funds prior to January 6, 1926, for her proper care, maintenance and support. In any event, however, she has expended much more than that sum for that purpose since January 6, 1926, and the accounts of the testamentary trustee should not be surcharged with any payment as an illegal payment to the *cestui que trust*. The former modified decree should be further modified accordingly.

The decree should be reversed and the proceeding should be remitted to the surrogate to proceed in accordance with this opinion.

All concur.

Decree reversed on the law and facts and matter remitted to Surrogate's Court to proceed in accordance with opinion.