In the Matter of the Will of GARRETT S. DE WINDT, Deceased.

Surrogate's Court, Westchester County, May 25, 1943.

*Albert C. Jordan* and *George H. Beckwith* for Maude H. de Windt, petitioner.

*Rogers H. Bacon* for St. Luke's Hospital.

*Harry K. Davenport* for United States Trust Company of New York, as trustee.

*Alexander Stolz,* special guardian.

MILLARD, S.  In this proceeding petitioner, the widow of decedent, seeks a construction of the " Seventh " paragraph of his will.

Decedent died June 21, 1937, leaving the will in question, which was admitted to probate in this court on July 3, 1937. Letters testamentary and letters of trusteeship were thereupon issued to the United States Trust Company of New York, the executor and trustee named therein.

By paragraph " Seventh " of the will the testator bequeathed and devised all the rest, residue and remainder of his property to his executor in trust, to receive the income therefrom for the following purposes:

" 3. As long as my said wife shall continue to own and reside in premises No. 12 Rumsey Road, Yonkers, New York, to pay out of such income all repairs, all taxes, assessments, charges for water and other charges, levied, assessed or otherwise placed thereon by the City of Yonkers, its successor or successors or other State or local government.

" 4. To pay over the balance of such income in quarter-yearly and, as nearly as practical, equal instalments unto my wife, Maude Hunter de Windt, during her life. If the income from said trust fund together with the other resources of my wife, Maude Hunter de Windt, shall in any calendar year after my death be insufficient in the judgment of my executor for her proper support, maintenance, care or comfort, I direct my executor to make up the deficiency out of the principal of said trust to an extent not to exceed in any calendar year the sum of Three Thousand ($3,000.00) Dollars.''

It appears from the petition, and is not disputed, that the principal of the trust amounts to about $125,000 and yields an annual net income of approximately $3,200. It is represented, and not controverted, that the widow has property in her own right consisting of $3,100 in cash, the real property above mentioned, and a life insurance annuity of $912 per annum. It is alleged that the total living expenses of the widow for the past year amounted to $4,200. Petitioner further states in her petition that due to her present poor physical condition she will be compelled to take up a residence in a warm climate, especially during the winter months, and by reason thereof her necessary living expenses will increase considerably. In support of the allegation as to her health and necessity for a change of residence, petitioner has submitted an affidavit of her physician.

The question presented for determination is whether under the circumstances the trustee must consider the independent resources of the life beneficiary in exercising its discretionary power to invade principal. It is well settled that in this class of cases the pertinent language of the will is controlling. (*Mat-*

*ter of Gatehouse,* 149 Misc. 648, and cases cited.)　In *Matter of Martin* (269 N. Y. 305) the Court of Appeals enunciated the governing rule at page 312 as follows: " The primary question in this class of cases always is, does the will constitute an absolute gift of support and maintenance which it makes a charge upon the income from the estate and upon principal? If so, then the private income of the beneficiary cannot be considered. If, however, the gift is of income coupled with a provision that the principal may be invaded in case of need, the private income of the beneficiary must be considered in determining whether such need exists."

Applying the foregoing principles to the instant case, I am of the opinion that the gift in question is one of income only, coupled with a provision that principal *may* be invaded in case of *need.* It follows, therefore, that at least the independent income of the life beneficiary must be considered in determining whether such need exists. Does the phrase " other resources of my wife ", compel the trustee, however, to insist upon the widow's exhausting all of her separate assets as well as the income therefrom before the resort may be had to the principal of the trust fund? The phrase " in any calendar year " following the words " other resources of my wife " makes it clear that the testator had in mind only such income, if any, as might be received by his wife from all other sources during any particular calendar year. The contention advanced by the trustee would lead to an absurd result, namely, that his wife, presumably the chief object of the decedent's bounty, would be compelled to exhaust all her personal resources, including the house devised to her by the same instrument, as a condition precedent to her securing the benefits of the discretionary power conferred upon the trustee to invade principal for her maintenance and comfort. To effectuate the apparent intent of the testator, the court may reject words and limitations, supply them or transpose them. (*Phillips* v. *Davies,* 92 N. Y. 199; *Starr* v. *Starr,* 132 N. Y. 154, 158; *Matter of Gallien,* 247 N. Y. 195, 200.) The evident intent of this testator, as herein determined, can be carried out by interpolating the words " income of the " immediately preceding the word " resources ". The will is so construed.

This leads to the question as to the jurisdiction of the court to determine the proper amount required by the beneficiary for her proper support, maintenance, care or comfort. It is well settled that where either by express terms or by fair implication the will confers discretionary power upon the trustee to invade

principal, the exercise of such power is not subject to control by the court, except to prevent an abuse of discretion on the part of the trustee. (*Matter of Clark,* 280 N. Y. 155; Restatement, Law of Trusts, § 187.) A trustee endowed with such discretionary powers is the judge of the requirements of the beneficiary, subject, however, to the power of the court to review its acts. (*Matter of Martin,* 269 N. Y. 305, *supra.*) In the instant case the discretion should be exercised wisely, with due regard to the increased requirements of the beneficiary caused by her advanced years and present physical condition. All reasonable doubts that may arise from time to time as to the extent of principal to be applied for the purposes specified in the will should be resolved in favor of the beneficiary. (*Moffett* v. *Elmendorf,* 152 N. Y. 475.)

In the event petitioner is dissatisfied with the determination of the respondent trustee with respect to the reasonableness of the payments made to her from principal, the action of the trustee may be reviewed by this court upon a proper application being made therefor. (*Matter of Martin,* 269 N. Y. 305, *supra.*)

Settle decree accordingly.