In the Matter of the Accounting of JOHN V. BOUVIER, III, as Trustee under the Will of JOHN V. BOUVIER, Deceased.

Surrogate's Court, New York County, February 26, 1954.

*Harold S. Lynton* and *Edward D. Moldover* for trustee, petitioner.

*Bleakley, Platt, Gilchrist & Walker* for Bouvier Beale, respondent.

*J. George Silberstein,* special guardian for Bouvier Beale, Jr., and others, infants, respondents.

FRANKENTHALER, S. Petitioner, trustee under the will of John Vernou Bouvier, seeks to resign and to have his account judicially settled. The special guardian has filed objection, numbered 1, contending that the trustee improperly invaded the corpus of the trust for distribution to the life beneficiary.

Testator died January 15, 1948, leaving a will which, *inter alia,* gave to petitioner $65,000 in trust " for the sole use and benefit " of his daughter Edith for life, remainder to her surviving children, the children of a deceased child to share equally, per stirpes. The trustee was " authorized and directed in all cases of emergency or active necessity to expend in behalf of the cestui que trust, monies out of the principal of the trust as said emergency or necessity shall in his judgment properly require."

To the date of this petition, the trustee has expended from principal for the benefit of the beneficiary sums totaling $12,359.98 for taxes, insurance, and recurrent household and living expenses. The special guardian contends that these expenses did not arise from " emergency or active necessity " and that the beneficiary had other sources of income which the trustee was bound to consider before using trust principal.

The determination of whether expenditures from principal are properly required has been left under the will to the judgment of the trustee. Unless that judgment has been exercised in such a manner as to amount to an abuse of discretion, this court will not attempt to interfere with the actions of the trustee. (See *Ireland* v. *Ireland,* 84 N. Y. 321, 326; *Matter of Shea,* 234 App. Div. 176, 179-80; *Matter of Hilton,* 174 App. Div. 193, 194; and *Matter of Johnson,* 123 Misc. 834, 844.) The life beneficiary, a woman of fifty-nine years of age, has been chroni-

cally ill and has never been able to earn anything for her support. From the time of her divorce in 1946, she has been receiving no support from her former husband. In 1947, she spent $9,300, part of which she had received as gifts from the testator and the trustee. Since the death of the testator, the life beneficiary has received no income other than from the trust. She owns no assets other than the home in which she is living, appraised at $15,000, and the furnishings, appraised at $500. The income received from the trust averaged under $3,000 per year, which was supplemented from principal by $2,200 average annually.

Based upon these factors and an examination of the individual expenditures, the court holds that the sums paid to the beneficiary from income and principal were not unreasonable. Though perhaps not of an " emergency " nature, the payments for regular household and living expenses were necessary for her support. As set forth in the alternative to the word " emergency," the phrase " active necessity " is broad enough to include necessary recurrent living expenses. In this case the court finds that the trustee did not abuse his discretion.

There have been many cases presented with the issue of whether a trustee must look to the other sources of income of the beneficiary before he can exercise his power to invade principal. (Cf., e.g., *Matter of Clark*, 280 N. Y. 155; *Rezzemini v. Brooks*, 236 N. Y. 184; *Matter of Bedell*, 196 Misc. 227; *Matter of Gatehouse*, 149 Misc. 648; with, e.g., *Matter of Martin*, 269 N. Y. 305; *Matter of Hogeboom*, 219 App. Div. 131; *Matter of Downey*, 277 App. Div. 921, motion for leave to appeal denied 301 N. Y. 814; *Matter of White*, 125 Misc. 901, affd. 217 App. Div. 750.) These cases, however, can only establish legal trends and highlight factual patterns in light of which each new situation must be analyzed independently to ascertain the intent of the testator.

In this case the special guardian claims that the trustee before invading principal should have required the beneficiary to sell her home and furnishings and press her potential claim for support against her former husband. The testator knew of these sources but he did not during his lifetime condition his contributions upon their use, although his contributions in the year prior to his decease were greater than the average annual income of the trust. No condition as to these items was set forth in the will. Also significant is the fact that the testator bequeathed outright gifts to his three other children and made

provision for all his grandchildren. Consideration of all the factors leads to the conclusion that it was not the intent of the testator to have his daughter sell her home and furnishings or exhaust possible remedies against her former husband before she could be given principal for her living needs. (See *Matter of de Windt*, 180 Misc. 646; *Matter of Hoepner*, 176 Misc. 47, and *Matter of Niles*, 122 Misc. 17, 24, affd. 211 App. Div. 826.) Whether, if the beneficiary unexpectedly were to acquire additional income from a presently unknown source, the trustee would have to consider such income before invading principal, is not in issue here. Objection number 1 of the special guardian is dismissed.

Objections numbers 2 and 4 are sustained on consent. With reference to objection number 3, the application of the accounting trustee for permission to resign is granted and the successors consented to by the parties will be appointed.

Submit, on notice, decree settling the account, granting permission to the trustee to resign, and appointing his successors.