Joseph A. Cox, S.
In this proceeding to settle their account the executors seek a determination as to the disposition and distribution of the income and principal of a trust created by the testator for his infant son. It is contended by the executors that it was the testator’s intention that neither the income nor principal of the trust should be used for the support of the infant until after the proceeds of a life insurance policy payable to the infant, and now in the hands of his general guardian, had been .exhausted. The allegations of the petitioner as to the testator’s *5 intent are of no probative value and if offered at a hearing would be inadmissible. Where there is no ambiguity parol evidence is not admissible to alter or change the testator’s intent as expressed in the will. (Matter of Powers, 85 N. Y. S. 2d 607; Matter of Salterini, 7 Misc 2d 497; 4 Page, Wills, § 1625.)
The will must speak for itself and it is apparent from a reading of the will that the paramount concern of the testator was for his infant son Dorian. The provisions of the will are simple and unambiguous. They provide that if on the date, of the testator’s death his infant son has reach the age of 23 the entire rest, residue and remainder of the estate is to be paid to him. If upon the death of the testator his son Dorian has not reached the age of 23 then the residuary estate is to be held in trust for him until that time and the trustees are directed ‘ ‘ to apply so much of the net income therefrom and of the principal thereof as my trustees shall see fit, to the support, education and maintenance of my said son, Dorian Paster, until my said son attains the age of twenty-three years ”. (Emphasis added.) That the foremost object of his bounty was his infant son Dorian even to the exclusion of his wife and other son is plainly stated by the testator in the will. His intent to make an absolute gift of the income and principal of the trust for the support and maintenance of his said son is additionally emphasized by the testator’s provision that if his son should die before attaining the age of 23 then the balance of the trust fund was to be paid over to the named contingent remaindermen who survived him (the testator).
Our courts have repeatedly held that when an absolute gift of support and maintenance is made, the outside resources of the beneficiary are not to be considered. (Holden v. Strong, 116 N. Y. 471; Rezzemini v. Brooks, 236 N. Y. 184; Matter of Gatehouse, 149 Misc. 648; Matter of Van Zandt, 231 App. Div. 381; Matter of Blanchard, 232 App. Div. 361.) Even where invasion of the principal is permitted only for purposes of emergency or necessity a trust beneficiary is not required to resort to his own capital assets for support and maintenance (Matter of Bouvier, 205 Misc. 974). In the case at bar the only outside resources of the infant consist of the proceeds of a life insurance policy on the decedent’s life in which he had been named as beneficiary by the decedent. No mention of the insurance is made in the will and it is obvious that the decedent by this means was- only making an additional provision for his son Dorian to assure his financial well-being.
The court holds therefore that it was the intent of the testator to provide for the full support of his infant son Dorian out *6 of the income and principal of the trust created for Ms benefit under the will and that the insurance proceeds which constitute the infant son’s only capital asset are not to be resorted to until the trust funds have been exhausted.
The issues raised by the objections to the account filed by the special guardian will be set down for hearing before me on the 25th day of February, 1960 at 10:30 a. m. Proceed accordingly.