Harry G-. Herman, S.
The court is asked to construe decedent’s will, more particularly paragraph ‘1 third ” thereof which reads as follows: ‘6 All the rest, residue and remainder of my estate, both real and personal and wheresoever situate, of which I may die seized or possessed, or to which I may be entitled at the time of my death, or have the right to dispose of under this, my Last Will and Testament, I give, devise and bequeath to my Trustee hereinafter named, in trust nevertheless, to invest and *1044 re-invest the same, to collect the income therefrom and to apply the net income therefrom and such portion of the principal as my Trustee may deem necessary, to the use and for the proper support and maintenance, medical care, welfare and expenses of last illness and burial, of my daughter, anne m. connous, now residing at 40 Davis Avenue, White Plains, New York, during her life The question arises as the trustee has refused to invade the principal of the trust for the benefit of decedent’s daughter until she furnishes the trustee a statement as to her own resources.
The governing rule was enunciated in Matter of Martin (269 N. Y. 305, 312) as follows: “ The primary question in this class of cases always is, does the will constitute an absolute gift of support and maintenance which it makes a charge upon the income from the estate and upon principal? If so, then the private income of the beneficiary cannot be considered. If, however, the gift is of income coupled with a provision that the principal may be invaded in case of need, the private income of the beneficiary must be considered in determining whether such need exists ”.
It is a cardinal rule of construction that a will should be so construed as to carry out the intent of the testator. (Matter of Martin, 255 N. Y. 249.)
An earlier case involving the question now before the court was Holden v. Strong (116 N. Y. 471, 473) in which the Court of Appeals- construed the language “ full power and authority to use so much of the trust fund, either interest or principal, as shall, in his judgment and discretion, be necessary for the proper care, comfort and maintenance ” as a gift of both principal and income for the care and support of decedent’s son. In other words it was not a gift of income with a condition attached as to the invasion of principal.
The Court of Appeals had this problem before it again in Rezzemini v. Brooks (236 N. Y. 184). In that case the court (pp. 191-192) construed “If the income from my estate shall be insufficient for the proper support of my said son, then in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for the purpose ”, to be a gift of care and support irrespective of the sufficiency of independent resources of the beneficiary. This court fails to find any appreciable difference in the language of the will at bar and the language construed in the last two cases cited. The gift from principal used in decedent’s will was based upon the insufficiency of income to provide care and support. It *1045 is on this basis that the holding in Matter of Martin (supra) is distinguishable.
The court determines the will contains the" power to invade principal if in the opinion of the trustee the income is insufficient for the proper support, maintenance, medical care and welfare of decedent’s daughter regardless of such other resources that she may possess. (See, also, Matter of Hart, 189 Misc. 171; Matter of Paster, 22 Misc 2d 4.)