John D. Bennett, S.
This is a proceeding to construe the provisions for principal invasion of a testamentary trust for the benefit of the widow who is an adjudicated incompetent.
The provisions of the trust are:
‘ ‘ fourth : If my wife, kitty stern, survives me, I give and bequeath all the rest, residue and remainder of my estate, of every kind and nature, and wheresoever situated, to my Trustees, hereinafter named, in trust, to hold, invest and reinvest the principal thereof, and to pay or apply the net income thereof, in as nearly equal monthly installments as may be possible, to or for the benefit of my said wife, for and during her life.
“ In addition to the payment or application of income, I direct that my Trustees pay to or for the benefit of my said wife any *392 amount or amounts from the principal of this trust as may be necessary (i) to pay any medical or hospitalization expenses incurred by my said wife, and (ii) in their sole and exclusive discretion, to provide for the support and welfare of my said wife. In making this provision for the withdrawal and payment of this trust, it is my desire that my trustees have complete discretion as to the withdrawal of principal. It is my intention in making this provision that my said wife be fully and adequately provided for during her life and that she suffer from no material needs.
“ Upon the death of my said wife, I give and bequeath the then remaining principal of this trust, if any, to my nephew, ALVIN FOX.”
The issue presented is the frequent construction question of whether the trust provisions constitute an absolute gift of support, in which case other resources of the beneficiary are irrelevant (Matter of Clark, 280 N. Y. 155; Rezzemini v. Brooks, 236 N. Y. 184; Holden v. Strong, 116 N. Y. 471) or whether the trust is a gift of maintenance only ‘1 in case of need ’ ’, in which event the other resources of the beneficiary must be taken into account (Matter of Martin, 269 N. Y. 305).
The trustees assert that the true meaning of the trust provisions requires a construction that the other resources of the widow must be taken into consideration in exercising their discretion as to the necessity for any principal invasion.
An examination of the provisions of the will in its entirety reveals that the testator’s primary purpose was to provide for the support and maintenance of his wife. Indicative of this intention is the strong language: “ It is my intention in making this provision that my said wife be fully and adequately provided for during her life and that she suffer from no material needs.” (Emphasis supplied.)
As distinguished from the above-demonstrated concern for his wife’s welfare, the remaining principal 11 if any ” is given to a nephew. (Emphasis supplied.) By the use of the two words “ if any”, the testator realized that the principal might be entirely consumed by invasions. The use of such language has been held indicative of an intent to create an absolute gift of support (Matter of Paster, 22 Misc 2d 4).
The gift of income and the provisions for the invasion of principal, together with language (which is here present) that the principal invasions are ‘1 in addition to the payment of income ”, is a significant manifestation that both principal and income are to be considered together in providing support (Matter of Levison, 29 Misc 2d 697). The fact that the testator *393 mentioned certain emergencies as warranting an invasion does not require a trust beneficiary to resort to his own capital assets for support (Matter of Paster, supra; Matter of Bouvier, 205 Misc. 974).
The court therefore holds that it was the intent of the testator to supply the full support of his widow out of the income and principal of the trust under the will, and that the other resources of the widow are not to be considered in arriving at what amounts are necessary for her support and maintenance.
In view of the position taken by the trustees in this matter and the present determination by the court, a re-evaluation by the trustees of their discretion with regard to principal invasions would appear necessary. Of course, their action in this regard is always subject to judicial review.