John D. Bennett, S.
In this proceeding one of the trustees requests a construction of paragraph Sixth dealing with the power to invade the principal for the benefit of his cotrustee, who is the income beneficiary and testator’s widow.
Paragraph Sixth of the will reads in part as follows:
“All the rest, residue and remainder of my estate, and so much of the parts hereinabove devised that may have lapsed because of the failure of heirs, I give, devise and bequeath unto my beloved wife, irene grubel and my good friends Isidore j. fox, also known as i. j. fox, fifth avenue furrier, of New York City and archie b. marous, of Paterson, New Jersey, but nevertheless in trust and for the following uses and purposes:
‘1 During the life of my beloved wife, irene grubel, the trustees shall quarterly or oftener, pay to her the income arising from such trust funds. In the event, however, that the trustees shall at any time find that the net income obtainable from investments will prove insufficient for the needs of my beloved wife, irene grubel, then the trustees so long as such a condition exists, shall withdraw from the corpus and add to the payments made to my beloved wife, irene grubel, from the income account whatever sums may be necessary to enable her to live in the proper manner. This discretion shall remain absolutely in my trustees, and my beloved wife shall be under no personal obligation to restore to the trust fund any part of the principal that may have been paid to her. ’ ’
The cotrustee states in his petition that he is doubtful as to the true construction of paragraph Sixth and as to whether he is authorized to invade the principal without regard to the obligation of the income beneficiary’s present husband to support her.
*911 The citation, on the other hand, makes an explicit request that the cotrustee be- authorized to invade the trust corpus in the amount of $2,500 and the further sum of $200 per week.
While the special guardian has taken the position that the provisions for invasion apply only in the case of need or necessity on the part of testator’s widow, the court is of the opinion that the trust provisions constitute an absolute gift of support, in which case other resources of the beneficiary are not relevant (Matter of Clark, 280 N. Y. 155; Rezzemini v. Brooks, 236 N. Y. 184; Holden v. Strong, 116 N. Y. 471; Matter of Stern, 34 Misc 2d 391; Matter of Connors, 34 Misc 2d 1043).
The court cannot, however, fix a definite figure as to which an invasion would be permissible under the circumstances, since this is in the first instance the proper function of the trustees (Matter of Rockwell, 26 Misc 2d 709).
The will is accordingly construed as authorizing the cotrustee to invade the principal of the trust if in his opinion the income is insufficient for the income beneficiary’s proper support regardless of the obligation of others to support her or of other individual resources she may have.