Scileppi, J. (dissenting). I dissent and vote to affirm.
In my view, the result reached by the majority is not only contrary to well-settled law, but completely disregards the plain language of the will.
It is axiomatic that the courts do not have the power — nor is it their function — to remake the will of a testator. Thus, if the language used in the will is clear, precise and unambiguous, there is no problem of construction; rather, there is an obligation of enforcement.
As this court stated in Matter of Bisconti (306 N. Y. 442, 445): “ The application of the rules of construction of wills is for the purpose of determining the intent of the testator where that intent is not clearly expressed by the testamentary words, and the rules of construction are to be disregarded when the language is clear and definite. It is well established that rules of construction are merely subsidiary aids. (Matter of Watson, 262 N. Y. 284, 293, 294.) If intention of a will-maker is to be found in the words used in the will and these are clear and definite there is no power to change them. (Matter of Watson, supra.) As is stated in Davids on the New York Law of Wills: ‘ When intention can be ascertained as a fact from the instrument itself * * * there is no occasion for a presumption in respect thereof, and the decision should riot be affected by the rules in question. Hence the rules of construction are to be disregarded where the decedent’s intention is clearly or sufficiently manifest, or where the language of the instrument is plain and its meaning obvious.’ (Vol. I, § 491, p. 805; see Matter of Rollins, 271 App. Div. 982, affd. 297 N. Y. 612.) ”
*587 The clause in question on this appeal is clear and unequivocal. It establishes a trust, the income of which is to be paid for life to the testator’s incompetent widow, and then provides that, “ if such income be insufficient for the support and maintenance of [my wife], my Trustee shall so pay or use from principal sufficient moneys to provide for [my wife’s] support and maintenance, in the sole, absolute and uncontrolled discretion of the Trustee ”.
This language clearly makes the gift of principal as broad as the gift of interest. The gift of principal is not conditioned upon the particular needs of the widow but rather upon the insufficiency of the income to provide support and maintenance. In such a situation, the private income of the beneficiary cannot be considered. The applicable rule was succinctly stated by this court in Matter of Martin (269 N. Y. 305, 312): “ The primary question in this class of cases always is, does the will constitute an absolute gift of support and maintenance which it makes a charge upon the income from the estate and upon principal? If so, then the private income of the beneficiary cannot be considered. If, however, the gift is of income coupled with a provision that the principal may be invaded in case of need, the private income of the beneficiary must be considered in determining whether such need exists.”
In Martin, the court held that the private income of the beneficiary was to be considered in determining whether to invade principal. But, there, unlike the present case, the will provided for the invasion of principal ‘ ‘ as [the beneficiary] may require for her care, support and comfort, during her natural life ”.
In almost every case where the will in question provided for the invasion of principal, if the income from the trust was insufficient or in cases where the trust provided for the use of income and so much of principal1 ‘ as may be necessary ’ ’ with no limitation of the amount of principal which may be invaded, the courts of this State have uniformly found that such language constituted an absolute gift of support and maintenance without regard to the private income of the beneficiary.
Contrary to the assertion of the majority herein, the case of Rezzemini v. Brooks (236 N. Y. 184) is directly in point. In that case, as in this one, the committee of an adjudged incompetent alleged that it was the duty of the trustee to pay for the *588 support and maintenance of the incompetent out of the income and principal of the trust which had been created by the will of the incompetent’s mother. At the time that the testatrix executed her will she was aware that her son owned certain valuable property and was in receipt of an income from the estate of his father. As in the instant case, the trustee in Ressemini represented the vested remaindermen and claimed that the incompetent’s income from all other sources must be exhausted before any invasion of principal was warranted.
In construing the clause in question, which reads as follows: “ If the income from my estate shall be insufficient for the proper support of my said son, then in that event, I authorize and empower my said trustee to expend so much of the principal thereof as may be necessary for that purpose ”, this court held: “ Our decision in the case of Holden v. Strong [116 N. Y. 471] involved the construction of a will wherein the testator gave to a trustee ‘ full power and authority to use so much of the trust fund, either interest or principal, as shall, in his judgment and discretion, be necessary for the proper care, comfort and maintenance ’ of the plaintiff so long as he should live. We held that the plaintiff there was entitled to support and maintenance even though he was able to support himself and had accumulated a fund which he had on deposit in a bank. The reasoning and principle laid down in that case we regard as controlling the case under consideration.” (Rezzemini v. Brooks, supra, p. 193.)
In other words, since the language of the clause—which is almost identical to language of the clause now before us — clearly conditioned the gift from principal solely upon the insufficiency of the income to provide for care and support and not upon the necessity of the beneficiary, it was held that the private income of the beneficiary could not be considered.
Matter of Clark (280 N. Y. 155) is another case in point. In Clark (pp. 158-159) the testator established a life trust for his widow and then provided: ‘ ‘ In the event that the income provided for my said wife under paragraph ‘ Fourth ’ above shall, in the judgment of my trustee, be insufficient for her every comfort and support, I authorize my said trustee to pay to her, in addition to income, such portion of the principal of the said trust as it shall from time to time deem necessary.”
*589 In a proceeding for the settlement of the accounts of the trustee, an objection was made to the allowance of an amount paid out of principal for the benefit of the widow. This court held:
‘ ‘ The provisions of the will are not ambiguous, the intent of the testator is clear from the face of the instrument, and we may determine for ourselves what the instrument itself contains. Ascertainment of the intent of the testator as shown by his will, taken as a whole, is our primary purpose, and, when ascertained, is to prevail over all other canons of construction (Matter of James, 146 N. Y. 78, 100; Matter of Buechner, 226 N. Y. 440). The will clearly provides for payment by the trustee in quarterly installments of the entire income from the trust and of so much of the principal in addition thereto as, in the sole judgment of the trustee, shall by it be deemed necessary for every comfort and support of the widow.
# # *
“ In conformity to that purpose and intent, the trustee is required to furnish every comfort and support for the widow which it may deem in a sound discretion necessary out of income and, if required, out of the corpus, even to the extent of exhausting the entire corpus of the trust, without taking into consideration or account the personal income of the beneficiary from any other source (Holden v. Strong, 116 N. Y. 471; Rezzemini v. Brooks, 236 N. Y. 184). What is necessary for the purpose is limited only by the amount of the income and the corpus of the trust. Whatever income the beneficiary may have from sources other than the trust is of no concern to the trustee in forming its judgment as to the amount necessary for her every comfort and support. The testator did not contemplate that his widow should be required to use her own personal income or to incur individual obligations for her comfort and support as long as there was anything in the trust that might, in the sound discretion of the trustee, be used for that purpose.” (Matter of Clark, supra, pp. 160-161.)
Matter of Johnson (46 Misc 2d 52) also involved a proceeding concerning an incompetent. In that case the will provided (p. 54): “ If, at any time, in their sole and unrestricted judgment and discretion, my Trustees shall determine that the income from said trust shall not be adequate for the comfortable sup *590 port and maintenance of my said wife, then and in that event, I authorize and empower my Trustees, from time to time, to encroach upon the principal of said trust fund and pay therefrom to, or for the benefit of, my said wife, such portion of the principal of said trust as, in their sole and unrestricted judgment and discretion, my trustees may deem necessary and proper for the comfortable support and maintenance of my wife
In construing this provision of the will, the Surrogate found as follows (p. 56): “ When the language of earlier cases, beginning with Holden v. Strong (116 N. Y. 471 [1889]), Rezzemini v. Brooks (236 N. Y. 184 [1923]), and that of Matter of Martin (supra), and Matter of Clark (supra) is compared with the language above quoted in Paragraph ‘ fifth (2) ’ of the will of decedent, it appears to this court that the decedent intended to make an absolute gift of support and maintenance, which was a charge upon income and principal, and the court so decides. Therefore, the private income of the beneficiary cannot be considered in determining how much principal should be paid to the beneficiary.”
The Surrogate then went on to hold that the test for invasion of principal is solely whether the income is sufficient for support, and not whether the beneficiary needs the principal.
In Matter of Grubel (37 Misc 2d 910) the court was faced with a will which also provided, as in the case at bar, that in the event that the trustees shall find that the net income obtainable from a trust set up for the decedent’s wife “ will prove insufficient for the needs of my beloved wife ’ ’ then the trustees were authorized to withdraw from the corpus whatever sums may be necessary to enable the wife to live in a proper manner. The Surrogate held that the trust provisions constituted an absolute gift of support and that the other resources of the beneficiary were not relevant.
In Matter of Leahy (56 N. Y. S. 2d 555) the court was faced with a claim for funds by the State Department of Hospitals where the income beneficiary had been confined in a mental hospital. In finding an absolute gift of income and principal, the court held (p. 556): “ Only as to invasion of principal did the testator leave anything to the ‘ discretion ’ of the trustees. The will provides liberally that if the income should ever become *591 insufficient for the comfortable maintenance of the beneficiary in accordance with her accustomed mode of living, then there is given to the trustees the ‘ power to advance to her, or to pay for her benefit, any additional sum from the principal of said trust fund as they in their discretion deem necessary.’ This discretion goes only to the amount of the invasion at any time. There is not any power given to decide whether or not there shall be any payment made at all.” (See, e.g., Matter of Van Gaalen, 38 Misc 2d 853; Matter of Connors, 34 Misc 2d 1043; Matter of Vaturi, 33 Misc 2d 295; Matter of Paster, 22 Misc 2d 4.)
It would appear from a review of the cases in this area that the language used in the instant will has acquired through judicial decision a definite and established significance. And, as the author of the majority opinion herein observed in his dissent in Matter of Gulbenkian (9 N Y 2d 363, 372-373): “ when a will contains language which has acquired, through judicial decision, a definite and established significance, the testator is taken to have employed the language in that sense and with that meaning in mind. (See Matter of Kroos, 302 N. Y. 424, 428.) ”
I agree with the courts below that the testator’s primary inten-' tion was to bequeath the income and principal of the trust for the support and maintenance of his widow without regard to her personal income. While it is obvious that testator was concerned with the welfare of his children and grandchildren, it is equally obvious, especially since testator was aware of his wife’s permanent incapacity and of her private resources, that her maintenance and support was his primary consideration. If he had intended the result reached by the majority, he could easily have made provision for his wife based upon need. This, hoAvever, he did not do. Having provided that if income would be insufficient to provide for the wife, that the trust be invaded, this court should not now remake the will, even though the result may be the depletion of the contingent estate of the children and of the infant contingent remaindermen.
Accordingly, I Avould affirm.
Judges Burke, Bergan, Keating and Jasen concur with Chief Judge Fuld; Judge Soileppi dissents and votes to affirm in a separate opinion in which Judge Breitel concurs.
Order reversed, etc.